David A. PERSONS, James C. Foreman, Larry D. Fowler, Norman D. Smith, Gary A. French, Steve F. Stricker, Keith L. Neely, Paul D. Kehrli, Thomas A. Driscoll, Wayne Leymaster, Hugh Riley Caton, Robert Yungeberg, Ralph R. Wilkins, Sr., Lowell W. Werner, and Jack E. Layton, Plaintiffs,

v.

CITY OF GRESHAM, OREGON, Defendant.

Civ. No. 87–1102–PA.

United States District Court, D. Oregon.

May 3, 1988.

Kathryn T. Whalen, Bennett, Hartman, Tauman & Reynolds, Portland, Or., for plaintiffs.

Thomas C. Sponsler, City Atty., Elizabeth K. Reed, Asst. City Atty., Gresham, Or., for defendant.

## OPINION

PANNER, Chief Judge.

Plaintiffs, the lieutenants and captains of the Gresham Fire Department (officers), bring this action against the City of Gresham (City) seeking overtime compensation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. The parties cross-move for summary judgment. I grant the officers' motion for summary judgment and deny the City's motion.

## BACKGROUND

This is a federal question action between the City, a municipal corporation in Oregon, and the officers of the City fire de-

partment. The officers respond to emergencies within a fifty mile radius of Gresham in both Washington and Oregon. That area includes state and interstate highways, the Portland International Airport, railroad rights of way, waterways, bus and freight depots, and the MAX light rail commuter lines. The department's vehicles and equipment are manufactured out of state.

During each twenty-four hour shift, a sole officer administers the operations of each of the City's four fire stations. Officers generally spend two to seven hours a day managing or supervising fire fighters. All officers receive over $250 per week in pay. The City pays time and one-half overtime when officers work more than 240 hours per month. The City calculates overtime by dividing an officer's base pay per month by 240 hours to get an hourly wage. This figure is multiplied by one and one-half to determine hourly overtime pay. Officers accumulate compensation time and sick leave. Officers must account for each hour of work. If an officer is absent during part of a work day and he has no remaining leave or compensation time, the City deducts his pay on an hour-for-hour basis.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the District Court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 106 S.Ct. at 2554. The burden then shifts to the nonmoving party to "go beyond the pleadings" and "designate 'specific facts showing there is a genuine issue for trial.'" *Id.* at 2553. The nonmoving party may not rely on mere allegations in the pleadings to preclude summary judgment. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors,*

809 F.2d 626, 630 (9th Cir.1987). The nonmoving party may not merely assert that it will discredit the moving party's evidence at trial and proceed in hope that something can be developed at trial to support its claims. *Id.* Rather, the nonmoving party must produce at least some significant, probative evidence tending to support its case. *Id.* (citations omitted).

## DISCUSSION

This case presents two questions: (1) is the application of FLSA to a municipal fire department constitutional, and (2) if FLSA applies, do the officers fall within a FLSA exemption?

1. Does FLSA Apply To A Municipal Fire Department?

■ The City contends that the doctrine of federalism precludes FLSA from applying to the fire department of a municipality, and that the fire department lacks a sufficient connection with interstate commerce to make such an application constitutional. In *Garcia v. San Antonio Metro. Transit Auth.,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), the Supreme Court held that the San Antonio Metropolitan Transit Authority was not immune under the tenth amendment from the minimum hour and wage requirements of FLSA. In *Garcia,* the Court rejected the rule of state immunity that turned on a distinction between traditional and non-traditional government functions as set forth in *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). *Garcia,* 469 U.S. at 546–47, 105 S.Ct. at 1015–16. The Court explained:

[W]e continue to recognize that the States occupy a special and specific position in our constitutional system and that the scope of Congress' authority under the Commerce Clause must reflect that position. But the principal and basic limit on federal commerce power is that inherent in all congressional action—the built-in restraints that our system provides through state participation in federal governmental action. The political

process ensures that laws that unduly burden the States will not be promulgated.

*Id.* at 566, 105 S.Ct. at 1025. The Court concluded that "nothing in the overtime and minimum-wage requirements of FLSA, as applied to [the San Antonio Metropolitan Transit Authority] is destructive of state sovereignty or violative of any constitutional provision." *Id.* at 554, 105 S.Ct. at 1019.

The City argues that the principles of federalism still exist after *Garcia,* relying on *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). I agree. However, the Supreme Court has held that if the application of FLSA is permissible under the commerce clause, it is otherwise constitutional. *Garcia,* 469 U.S. at 555–56, 105 S.Ct. at 1019–20.

The commerce clause extends to activities which are intrastate "if they have such a close and substantial relation to interstate commerce that their control is essential or appropriate to protect that commerce from burdens and obstructions." *NLRB v. Jones & Laughlin Steel Corp.,* 301 U.S. 1, 37, 57 S.Ct. 615, 624, 81 L.Ed. 893 (1937).

Here, the City urges that the fire department is a purely local activity. However, the fire department responds to emergencies on Interstates 84 and 205 and U.S. Highway 26 over which significant amounts of interstate commerce flow. It also responds to emergencies that involve instrumentalities of interstate commerce such as railroad rights of way, waterways, bus, plane, and freight depots, and MAX commuter lines. The department uses vehicles and equipment which are manufactured and shipped interstate, and communications lines which travel interstate. It maintains a hazardous materials vehicle which responds to emergencies in Oregon and Washington. Finally, the department protects numerous business and manufacturers that engage in interstate commerce.

These facts show the close and substantial relationship to interstate commerce necessary under the commerce clause and they establish the interstate commerce nexus which FLSA itself requires. *See e.g.,* 29 U.S.C. § 207(a). Section 203(j) provides that "an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, ... transporting or *in any closely related process or occupation directly essential to the production thereof.*" 29 U.S.C. § 203(j) (emphasis added). The application of FLSA to the City fire department is constitutional under the commerce clause.

Other courts have applied FLSA to fire fighters. *E.g., Kirschbaum v. Walling,* 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638 (1942) (privately employed fire fighters guarding a manufacturing plant involved in interstate commerce); *General Elec. Co. v. Porter,* 208 F.2d 805 (9th Cir.), *cert. denied,* 347 U.S. 951, 74 S.Ct. 676, 98 L.Ed. 1097 (1954) (privately employed fire fighters protecting buildings of executives and administrators of plant which engages in interstate commerce). Similarly, ambulance services have been found to have a "close and substantial relationship to interstate commerce." *Benson v. Universal Ambulance Serv.,* 675 F.2d 783, 786 (6th Cir.1982). Finally, in a case directly on point, the District Court of Maryland found that a county fire department was subject to the requirements of FLSA. *Conway v. Takoma Park Vol. Fire Dep't Inc.,* 666 F.Supp. 786 (D.Md.1987), *appeal dismissed,* 838 F.2d 465 (4th Cir.1988).

The application of FLSA to the City fire department is constitutional under the doctrine of federalism and the commerce clause.

### 2.  Are The Officers Exempt From FLSA?

■ The City contends that the officers are exempt from FLSA because they are executives or administrators under 29 C.F.R. § 541.1–2. Section 541.1 defines executives:

> The term "employee employed in a bona fide executive * * * capacity" in section 13(a)(1) of the Act shall mean any employee:
>
> . . . .

(f) Who is compensated for his services on a salary basis ... provided, that an employee who is compensated on a salary basis at a rate of not less than $250 per week ... exclusive of board, lodging, or other facilities, and whose primary duty consists of the management of the enterprise in which the employee is employed ... shall be deemed to meet all the requirements of this section.

The relevant provisions of the regulations for administrative employees, section 541.2, include the same requirement of payment on a "salary basis."

The officers argue that since every element of section 541.1 or section 541.2 must be met, then Gresham's failure to show that the officers are paid on a salaried basis is dispositive. *See* subsections 541.-1(f) & 2(e)(1). Section 541.118 defined "salary basis:"

(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.

The City bears the burden of proving the officers are exempt under FLSA. *Walling v. General Indus. Co.*, 330 U.S. 545, 548–49, 67 S.Ct. 883, 884–85, 91 L.Ed. 1088 (1947). The exemptions to FLSA are narrowly construed. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 394 n. 11, 80 S.Ct. 453, 457 n. 11, 4 L.Ed.2d 393 (1960). "Only disputes over facts that might affect the outcome of the suit ... will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The City claims that the officers' pay is salaried because it does not depend on the quantity of work performed, and no deduction is made for time off when there is available compensation time or sick leave. However, if an officer's absences during a shift are greater than his accumulated compensation or sick time, his paycheck is deducted on an hour-for-hour basis. This practice is contrary to payment on a "salary basis" because the officers do not receive full salary for every week or even every day in which they performed work. 29 C.F.R. § 541.118(a).

In *Knecht v. City of Redwood City*, 683 F.Supp. 1307, 1308 (N.D.Cal.1987), municipal fire department captains sought overtime pay pursuant to FLSA. The court found the fire captains nonexempt because deductions were made from their salaries for absences of less than a day if they had no available sick leave or compensation time. At 1311 (citing *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983) ("[a] salaried professional employee may not be docked pay for fractions of a day of work missed")); opinion letter by Deputy Administrator Herbert J. Cohen, United States Department of Labor, (Jan. 15, 1986) (available from United States Department of Labor) ("deductions from the salary of an otherwise exempt employee for absences of less than a day's duration for personal reasons, or for sickness or disability, would not be in accordance with [payment on a salary basis]"). Like the captains in *Knecht*, the officers' salary is actually based on an hourly pay scale. Therefore the officers are not exempt from FLSA.

Although the officers have not alleged an instance where the City deducted an officer's pay for absences of less than a day if he had no available sick leave or compensation time, this does not alter the fact that an officer's pay is "subject to reduction" for such absences. *Knecht*, at 1311 (quoting 29 C.F.R. § 541.18(a)).

I find the "salary basis" issue dispositive, so I do not determine the question of whether the officers' "primary duty" was management. *See* 29 C.F.R. §§ 541.-

1(f), .103 ("primary duty" is generally determined by whether an employee spends more than half his time managing); *see also id.* at § 541.2(d) (administrator spends less than twenty percent of his time in non-administrative activities). However, I note that the officers supervise and manage fire fighters for two to seven hours in a twenty-four hour shift. This suggests that over half of their time is spent in non-managerial, non-administrative activities.

## CONCLUSION

I find that FLSA applies to the fire department and its application is constitutional. The officers are not "salary basis" administrators or executives, so they are not exempt from FLSA. I grant the officers' motion for summary judgment and deny the City's motion.