**Marvin O. WILSON Jr., et al., Plaintiffs,**

v.

**CITY OF CHARLOTTE, NORTH CAROLINA, Defendant.**

**No. C–C–88–0079–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 10, 1989.

Thomas A. Woodley, Gregory K. McGillivary, Mulholland & Hickey, Washington, D.C., Louis L. Lesesne, Jr., Gillespie Lesesne & Connette, Charlotte, N.C., for plaintiffs.

F. Douglas Canty, Charlotte, N.C., for defendant.

MEMORANDUM OF DECISION
AND ORDER

ROBERT D. POTTER, Chief Judge.

I. PRELIMINARY STATEMENT AND
QUESTIONS PRESENTED

THIS MATTER is before the Court on (1) Defendant's Motion for Summary Judgment on Remaining Issues, filed May 5, 1989, and (2) Plaintiffs' Cross-motion for Summary Judgment on Remaining Issues, filed May 23, 1989. Both parties are seeking partial summary judgment, pursuant to

Rule 56 of the Federal Rules of Civil Procedure, on the following two questions:

(1) Are Plaintiff fire captains exempt—pursuant to 29 U.S.C.A. § 213(a)(1) (West Supp.1989) and the applicable regulations—from the overtime provisions of the Fair Labor and Standards Act of 1938 because they are employed in a bona fide executive capacity?

(2) Are Plaintiffs Marvin O. Wilson, Jr. ("Wilson") and Alton Butler ("Butler") entitled to receive overtime compensation for the time they have spent working as elected trustees of the Charlotte Fire Fighters' Retirement System?

Neither party has requested a hearing on the present motions, and this Court believes oral argument would not significantly aid this Court's decision-making process; the parties have adequately discussed the issues in their supporting memoranda of law, and they have provided sufficient supporting factual documentation.

As explained below, this Court will deny in part and grant in part Defendant's Motion for Summary Judgment on Remaining Issues and will deny Plaintiffs' Cross-motion for Summary Judgment on Remaining Issues; summary judgment on the first question is precluded because there are genuine issues of material fact regarding the employment status of the fire captains; summary judgment on the second question will be granted in Defendant's favor because the undisputed material facts establish that Plaintiffs Wilson and Butler were not working for Defendant when they performed—at times other than their regularly scheduled shifts—their duties as elected trustees of the Charlotte Fire Fighters' Retirement System.

## II. NATURE OF THE CASE

This case arises under the Fair Labor and Standards Act of 1938 as amended, 29 U.S.C.A. §§ 201–219 (West 1965, 1978, 1985 & Supp.1989) ("FLSA" or "the Act"). This Court's jurisdiction over the present case has several statutory bases: 29 U.S.C.A. § 216(b) (West Supp.1989), 28 U.S.C.A. § 1331 (West Supp.1989) ("federal question jurisdiction"); and 28 U.S.C.A. § 1337 (West Supp.1989) (civil actions related to commerce regulation).

Plaintiffs are fire fighters and fire captains who are members of Local Number 660 of the International Association of Fire Fighters ("Local 660") and who are employed by Defendant, the City of Charlotte, North Carolina ("City of Charlotte" or "City"). Plaintiffs allege that Defendant has violated Section 7(o) of the FLSA, 29 U.S.C.A. § 207(o) (West Supp.1989), by granting to Plaintiffs, despite the lack of an agreement with Plaintiffs' designated representative, compensatory time off ("comp time") in lieu of monetary compensation for overtime hours Plaintiffs have worked.

Plaintiffs are seeking several forms of relief: (1) a declaratory judgment, 28 U.S.C.A. § 2201 (West Supp.1989), declaring that Defendant has willfully and wrongfully violated its statutory obligations under Section 7(o) of the FLSA, and has thereby deprived Plaintiffs of their rights; (2) a permanent injunction restraining Defendant from withholding any compensation that is due to each of the Plaintiffs and from future violations of Plaintiffs' rights; (3) an order directing Defendant to make a complete and accurate accounting of all the compensation to which Plaintiffs are entitled; (4) monetary damages in the form of back pay compensation *and* liquidated damages equal to each Plaintiffs' unpaid compensation, plus interest, 29 U.S.C.A. § 216(b) (West Supp.1989); and (5) the costs of this action, including reasonable attorney's fees.

In a Memorandum of Decision entered November 21, 1988, this Court granted Plaintiffs' Motion for Partial Summary Judgment and held that the City of Charlotte violated Section 7(o) of the FLSA, 29 U.S.C.A. § 207(o) (West Supp.1989), by failing to compensate Plaintiffs monetarily for overtime hours worked. *Wilson v. City of Charlotte, North Carolina,* 702 F.Supp. 1232, 1238 (W.D.N.C.1988), *appeal pending,* No. 89–2388 (4th Cir.). On April 10, 1989, this Court—in light of a stipulation entered by the Parties—entered a Memorandum of Decision and a Judgment

declaring Defendant to be in violation of Section 7(*o*) of the FLSA and awarding damages and liquidated damages to the fire fighters, but not to the fire captains. In the April 10th Memorandum of Decision this Court noted that the plaintiff fire captains were not included in the April 10th Judgment because the Parties disputed, and continue to dispute, whether the exemption of Section 13(a)(1) of the FLSA applies to the plaintiff fire captains.

On May 9, 1989, Defendant filed a Notice of Appeal seeking to appeal this Court's April 10th Judgment; that appeal is now pending before the United States Court of Appeals for the Fourth Circuit, *Wilson v. City of Charlotte*, No. 89–2388 (4th Cir.). On May 10, 1989, this Court entered an order staying the April 10th Judgment pending appeal.

The background facts of the present case are adequately set out in the November 21th Memorandum of Decision, *Wilson*, 702 F.Supp. at 1234–36, and this Court is of the opinion that no useful purpose would be served by repeating such background facts here. Nevertheless, this Court will need to consider whether there is a genuine issue material fact regarding the specific questions now before this Court.

### III. APPLICABLE LAW AND DISCUSSION

#### A. *Standard of Decision*

Rule 56(c) of the Federal Rules of Civil Procedure establishes the standard of decision this Court must use when determining the present motions for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Recently, the United States Supreme Court has had several occasions to construe the summary judgment standard estab-lished in Rule 56. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (antitrust conspiracy case); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (libel action); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (asbestos related wrongful death action); *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1969) (alleged conspiracy to violate civil rights). These cases provide substantial guidance to this Court in its determination of the present motions for summary judgment.

In *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Supreme Court noted:

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

*Id.* 106 S.Ct. at 1356 (emphasis in original; footnote and citations omitted; quoting Fed.R.Civ.P. 56).

Stated another way, it is the moving party's burden to show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. If that burden has been met, then the non-moving party must establish that there are indeed genuine issues of material fact; usually this is done by producing affidavits of persons with personal knowledge setting forth specific information to be offered at trial.

In *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court stated the following:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for dis-

covery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.* 106 S.Ct. at 2552–53; *accord White v. Rockingham Radiologists, Ltd.*, 820 F.2d 98, 101 (4th Cir.1987).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]he substantive law will identify which facts are material." *Id.*

It is worth noting that in *Anderson v. Liberty Lobby, Inc.* the Court held:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 2511. On the other hand, all reasonable favorable inferences from the pleadings and depositions are to be drawn in favor of the party opposing the motion for summary judgment. *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *White*, 820 F.2d at 101.

Summary judgment is not a disfavored procedural shortcut; instead, it is a useful method for disposing of issues, or even cases, in a just, speedy, and inexpensive way.

## B. *Substantive Law*

As noted above, this Court has previously determined that Section 7(*o*) of the FLSA, 29 U.S.C.A. § 207(*o*) (West Supp. 1989), requires Defendant to pay its fire fighters in cash for overtime hours worked.

Defendant, however, asserts that the plaintiff fire captains need not be compensated for overtime hours worked because they are purportedly employed in a bona fide executive capacity.

The FLSA constitutes humanitarian and remedial legislation. *Arnold v. Ben Kanowsky*, 361 U.S. 388, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960); *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095 (1945). The FLSA must be liberally construed to apply to the furthest reaches consistent with congressional direction, and breadth of coverage is vital to the Act's mission. *Hodgson v. University Tower Club*, 466 F.2d 745, 746 (10th Cir. 1972); *see Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959); *Powell v. United States Cartridge Co.*, 339 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017 (1950). Consistent with these statutory goals, it is well established that the FLSA is to be construed narrowly, with the burden resting on the employer to prove that an employee is in fact exempt from the Act's broad coverage. *See, e.g., Corning Glass Works v. Brennan*, 417 U.S. 188, 196–197, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974) ("the general rule [is] that the application of an exemption under the [FLSA] is a matter of affirmative defense on which the employer has the burden of proof"); *Clark v. J.M. Benson Co., Inc.*, 789 F.2d 282, 286 (4th Cir.1986) (employer bears full burden of persuasion for the facts requisite to an exemption); *Persons v. City of Gresham, Oregon*, 704 F.Supp. 191, 194 (D.Or.1988). The employer must demonstrate that its employees meet every aspect of the claimed exemption before the employees can be denied the protection of the FLSA. *Prakash v. American Univ.*, 727 F.2d 1174, 1176–77 (D.C. Cir.1984); *Knecht v. City of Redwood City*, 683 F.Supp. 1307, 1310 (N.D.Cal. 1987).

Section 13(a)(1) of the FLSA—the exemption relied upon by Defendant—provides, in pertinent part, the following:

> (a) The provisions of section 206 ... and section 207 of this title shall not apply with respect to—

(1) any employee employed in a bona fide executive ... capacity....

29 U.S.C.A. § 213(a)(1) (West Supp.1989).[1] The applicable regulations define "bona fide executive capacity" in the following way:

The term "employee employed in a bona fide executive * * * capacity" in section 13(a)(1) of the [FLSA] shall mean any employee:

(a) Whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department [or] subdivision thereof; and

(b) Who customarily and regularly directs the work of two or more other employees therein; and

(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

(d) Who customarily and regularly exercises discretionary powers; and

(e) Who does not devote more than 20 percent ... of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (d) of this section ...; and

(f) Who is compensated for his services *on a salary basis* at a rate not less than $155 per week ..., exclusive of board, lodging, or other facilities: *Provided,* That an employee who is compensated *on a salary basis* at a rate of not less than $250 per week ..., exclusive of board, lodging, or other facilities, and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be

deemed to meet all the requirements of this section.

29 C.F.R. § 541.1(a)–(f) (1988) (emphasis added).

The requirements outlined in Section 541.1(a) through (e) are sometimes called the "long" test, while the requirements outlined in the second sentence of Section 541.1(f) are sometimes called the "short" test. *E.g., Schuller v. City of Livermore,* 28 Wage & Hour Cas. (BNA) 507, 509, 1987 WL 46348 (N.D.Cal. Apr. 22, 1987); *Knecht v. City of Redwood City,* 683 F.Supp. 1307, 1309 n. 1 (N.D.Cal.1987); *Cobb v. Finest Foods, Inc.,* 582 F.Supp. 818, 822 (E.D.La. 1984), *aff'd,* 755 F.2d 1148 (5th Cir.1985); *see also Nixon v. City of Junction City, Kansas,* 707 F.Supp. 473, 479–480 (D.Kan. 1988) (recognizing "long" and "short" tests for "bona fide administrative employees"). All requirements of either the "long" test or the "short" test must be met for the employee to be exempt. *Schuller,* 28 Wage & Hour Cas. (BNA) at 509 (citing *Wirtz v. Dunmire,* 239 F.Supp. 374 (D.La. 1965)). Defendant bears the burden of proving the fire captains are exempt under the FLSA. *E.g., Persons v. City of Gresham, Oregon,* 704 F.Supp. 191, 194 (D.Or. 1988); *Hill v. City of Greenville, Texas,* 696 F.Supp. 1123, 1127 (N.D.Tex.1988).

"Employees earning less than $250 per week are subject to the 'long test' ..., whereas those earning $250 or more per week are governed by the 'short test'...." *Nixon v. City of Junction City,* 707 F.Supp. at 479–480 (quoting *Donovan v. United Video, Inc.,* 725 F.2d 577, 580 (10th Cir.1984)); *Knecht,* 683 F.Supp. at 1309 n. 1. In the present case, it is undisputed that the fire captains earn well over $250 per week, Wallace Aff. at 3 ("at least $527.63 per week"), and, therefore, this Court will only consider whether there is a genuine issue of material fact regarding all of the requirements of the "short" test.

Under the "short" test, the employee must be paid "on a salary basis" to be

---

**1.** Section 13(a)(1) of the FLSA also contains exemptions for employees employed in bona fide administrative capacities and for employees employed in bona fide professional capacities, but Defendant has not argued that either of these exemptions are applicable to the present case.

considered to be employed in "a bona fide executive capacity." 29 C.F.R. § 541.1(f) (1989).[2] The applicable regulations contain an interpretation of the phrase "on a salary basis":

(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, *which amount is not subject to reduction because of variations in the quality or quantity of the work performed.* Subject to the exceptions provided below, *the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.* This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

. . . .

(2) Deductions may be made, however, when the employee absents himself from work *for a day or more* for personal reasons, other than sickness or accident. Thus, if an employee is absent *for a day or longer* to handle personal affairs, his salaried status will not be affected if deductions are made from his salary for such absences.

(3) Deductions may also be made for absences of *a day or more* occasioned by sickness or disability (including industrial accidents) if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by both sickness and disability. Thus, if the employer's particular plan, policy or practice provides compensation for such absences, deductions for absences of *a day or longer* because of sickness or disability may be made . . . after he has exhausted his leave allowance thereunder. . . . .

(6) The effect of making a deduction which is not permitted under these inter-

pretations will depend upon the facts in the particular case. . . . . [W]here a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future.

29 C.F.R. § 541.118(a), (a)(2), (a)(3), (a)(6) (1988) (emphasis added). If an employer makes deductions from the pay of employees who are absent for work for *less than one day*, then the employees are not paid "on a salary basis." *Banks v. City of North Little Rock,* 708 F.Supp. 1023, 1024–25 (E.D.Ark.1988); *Knecht v. City of Redwood City,* 683 F.Supp. at 1311 ("deductions for absences shorter than a full day fall under neither exception in subsections (2) and (3)"); *see Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 653 (2d Cir.1983) ("A salaried professional employee may not be docked pay for fractions of a day of work missed."); *Persons v. City of Gresham, Oregon,* 704 F.Supp. at 194; *Hawks v. City of Newport News, Virginia,* 707 F.Supp. 212, 214 (E.D.Va.1988).

There appears to be a genuine issue of material fact as to whether the plaintiff fire captains are paid "on a salary basis." Plaintiffs' evidence tends to establish that the plaintiff fire captains are not paid "on a salary basis." For example, in paragraph two (2) of the Declaration of Marvin O. Wilson Jr., Plaintiff Wilson, who is a fire captain, states, in pertinent part, the following:

Each of the plaintiff fire captains work 24–hour shifts. When any of them works extra overtime hours, they are awarded compensatory time off based on each extra hour worked. The captains receive time and one half compensatory time for each hour of overtime worked. However, the fire captains are the only plaintiffs who the City has claimed are exempt under the Fair Labor and Standards Act in reaction to the Court's deci-

---

**2.** An employee must also be paid "on a salary basis" under the "long" test. 29 C.F.R. § 541.1(f) (1988).

sion entered on November 20, 1988. Annual leave, sick leave and other benefits are earned and used by each of the plaintiffs on an hourly basis. *In the event any of the plaintiffs works less than a normal 24-hour shift and there is no leave time available, then that person's pay will be docked for those hours of his shift which are not worked.* Wilson Declaration at 1–2 (emphasis added); *see also* Adkins Aff. at 38 ("Q. What would happen in a situation, for example, where a Fire Captain no longer has any leave left, annual leave, sick leave, et cetera, and he's required to take off, say, four or five hours in the normal 24-hour shift, would he experience a docking in his pay for the hours that he has not worked? A. To my knowledge, I—I believe he would, if he didn't have anything else to pull from; like, any additional time worked accrued."). Defendant's evidence, on the other hand, tends to establish that the plaintiff fire captains are paid "on a salary basis." Wallace Aff. at 3 ("A Captain's pay will not be reduced for absences from work of less than one day, regardless of the reason for the absence. A Captain's pay is not subject to reductions because of variations in the quality or quantity of the work performed, nor will it be reduced because of any absence from work caused by the City or its operating requirements."); Wallace Aff., Attachment 4 (explaining that exempt employees must be salaried and must not have their salary reduced by portion of a day). Since there is a genuine issue of material fact regarding the plaintiff fire captains' status as salaried employees, this Court may not grant summary judgment to Defendant on the first question.

On the other hand, summary judgment on the first question in Plaintiffs' favor may be appropriate if the undisputed material facts establish that the plaintiff fire captains do *not* have as their "primary duty ... the management of the enterprise in which [they are] employed or of a customarily recognized department or subdivision thereof," 29 C.F.R. § 541.1(f) (1988). Summary judgment on the first question in Plaintiffs' favor may also be appropriate if the undisputed material facts establish that

the plaintiff fire captains do *not* engage in "the customary and regular direction of the work of two or more other employees," 29 C.F.R. § 541.1(f) (1988). This is true because, as mentioned before, Defendant bears the burden of persuasion on all of the elements of the claimed exemption, and, therefore, a complete failure of proof on any one element would be fatal to Defendant's position.

The applicable regulations suggest how a factual determination regarding an employee's "primary duty" should be made. See 29 C.F.R. § 541.103 (1988) (giving 50% rule of thumb). In addition, the regulations suggest how a factual determination regarding "management" should be made. 29 C.F.R. § 541.102 (1988) (giving examples).

■ It appears to this Court that there are genuine issues of material fact regarding the plaintiff fire captains' duties and activities, and, therefore, summary judgment on the first question in Plaintiffs' favor would be inappropriate. For example, Plaintiffs have provided evidence tending to establish that the plaintiff fire captains are no more than "working foremen," 29 C.F.R. § 541.115 (1988), who are not, in this case, exempt. *See* Blackwelder Aff. at 40; Wilson Declaration at 5, 11 ("At the fire scene, the fire captain performs as the classic working foreman."). Defendant, on the other hand, has provided evidence tending to establish that the plaintiff fire captains are supervisory personnel responsible for the management of the company to which they are assigned. Fincher Aff. at 1–2 ("[t]he job of every Fire Captain who is a Plaintiff in this action consists entirely of the supervision and management of a company of firefighters and engineers"). These genuine disputes regarding material facts preclude the entry of summary judgment in Plaintiffs' favor on the first question.

Since summary judgment in either party's favor on the first question is not possible, *see Nixon v. City of Junction City, Kansas,* 707 F.Supp. 473 (D.Kan.1988) (denying summary judgment because genuine

issues of material fact existed regarding "salary basis" and "management" duties), it will be necessary to conduct a non-jury trial on the first question.

■ The second question, however, may be disposed of without an extended discussion. Since both Plaintiff Wilson and Plaintiff Butler are fire captains, they will only be entitled to receive overtime compensation if this Court determines—after a non-jury trial—that the plaintiff fire captains are not exempt under Section 13(a)(1) of the FLSA. Assuming, *arguendo*, that Wilson and Butler are not exempt, this Court must decide whether Wilson and Butler should receive overtime compensation for time they spent—other than during their regularly scheduled shifts—working as elected trustees for the Charlotte Firefighters' Retirement System. This Court is of the opinion that Wilson and Butler are not entitled to receive overtime compensation for hours they worked as trustees for the Charlotte Firefighters' Retirement System. The undisputed material facts establish that Wilson and Butler were not working *for* Defendant at the time they performed their duties as trustees. Wilson and Butler were, of course, employed by Defendant at all times relevant to this case, but the work Wilson and Butler performed as trustees of the Charlotte Firefighters' Retirement System cannot by any stretch of the imagination be deemed to be work *for* Defendant or *for* Defendant's benefit.

### IV.  CONCLUSIONS

NOW, THEREFORE, IT IS ORDERED:

(1) Defendant's Motion for Summary Judgment on Remaining Issues, filed May 5, 1989, shall be, and hereby is, DENIED IN PART and GRANTED IN PART; and

(2) Plaintiffs' Cross-motion for Summary Judgment on Remaining Issues, filed May 23, 1989, shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that Plaintiff Wilson and Plaintiff Butler SHALL NOT RECEIVE overtime compensation for

hours they spent—outside their scheduled shifts—attending meetings of the Charlotte Firefighters' Retirement System's Board of Trustees.