Steven D. SMITH, et al., Plaintiffs,

v.

UNITED PARCEL SERVICE, INC., Defendant.

Civ. A. No. 2:95–0145.

United States District Court,
S.D. West Virginia,
Charleston Division.

July 5, 1995.

William L. Jacobs, Parkersburg, WV, for plaintiffs.

Gene W. Bailey, II and Daniel L. Stickler, Jackson & Kelly, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is defendant United Parcel Service, Inc.'s ("UPS") motion for partial dismissal, or alternatively for partial summary judgment. Plaintiffs have responded and UPS has replied. UPS has also moved to strike certain affidavits filed as exhibits to the plaintiffs' memorandum in opposition. For the reasons that follow, Defendant will be granted partial summary judgment.

Plaintiffs filed this action in the Circuit Court of Kanawha County, West Virginia, contending they are members of a class of employees of the Defendant who were denied wages wrongfully for overtime work they performed. Plaintiffs contend UPS's wage payment practices violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the West Virginia Minimum Wage and Maximum Hours Standards Act for Employees, *West Virginia Code* § 21–5C–1, *et seq.* The Defendant timely removed the action to this Court, and now seeks to dismiss certain plaintiffs, specifically those who are employed as package drivers, feeder drivers, and mechanics. Defendant contends plaintiffs who are so employed are exempt from federal and state law overtime protections.

Title 29 U.S.C. § 207(a)(1) (1989) mandates an employer must pay an employee at least one and one-half times his regular rate of

pay for work performed in excess of forty hours in a workweek.[1] Title 29 U.S.C. § 213(b)(1) (1994) qualifies the foregoing overtime protection by making § 207 inapplicable to employees for whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service.[2] The Secretary of Transportation has the power to establish qualifications and maximum hours of service for employees of "motor carriers." 49 U.S.C. § 31502(b)(1) ("The Secretary of Transportation may prescribe requirements for—qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier.").

■ The Secretary of Transportation need not establish regulations concerning maximum hours of service for the exemptions to take effect; "[i]t is the existence of the power as opposed to its exercise which Congress has said is determinative as to the applicability of the FLSA. *Morris v. McComb,* 332 U.S. 422, 434, 68 S.Ct. 131 [137], 92 L.Ed. 44 (1947); *Starrett [v. Bruce,* 391 F.2d 320,] 323 [ (10th Cir.), *cert. denied,* 393 U.S. 971, 89 S.Ct. 404, 21 L.Ed.2d 384 (1968) ].";  *see also* 29 C.F.R. § 782.1(a). In any event, the Secretary of Transportation has established regulations concerning the maximum hours of service for drivers of motor carriers. 49 C.F.R. § 395.3(a) (1992).[3]

The parameters of the motor carrier exemption are defined at 29 C.F.R. 782 (1971). As stated therein,

"The power of the Secretary of Transportation to establish maximum hours and qualifications of service of employees, on which exemption depends, extends to those classes of employees and those only who: (1) Are employed by carriers whose transportation of passengers or property by motor vehicle is subject to his jurisdiction under section 204 of the Motor Carrier Act ... and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(a).

■ The exemption applies only to employees whose work consists of activities defined, "(i) As that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(b)(2). The determination an individual employee falls within any such classification *vel non* is to be determined by the judicial process. *Id., citing Pyramid*

---

1. Title 29 U.S.C. § 207(a)(1) states:
   "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours specified at a rate not less than one and one-half times the regular rate at which he is employed."

2. Title 29 U.S.C. § 213(b)(1) states:
   "The provisions of section 207 of this title shall not apply with respect to—any employee with respect to whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49."
   Section 304 of Title 49 was repealed in 1983 and replaced by 49 U.S.C. § 3102. Section 3102, in turn, was renumbered 49 U.S.C. § 31502 in 1994.

3. 49 C.F.R. § 395.3 states:
   "(a) Except as provided in §§ 395.1(b), 395.1(f), and 395.1(i), no motor carrier shall permit or require any driver used by it to drive nor shall any such driver drive:
   (1) More than 10 hours following 8 consecutive hours off duty; or
   (2) For any period after having been on duty 15 hours following 8 consecutive hours off duty.
   (b) No motor carrier shall permit or require a driver of a commercial motor vehicle, regardless of the number of motor carriers using the driver's services, to drive for any period after—
   (1) Having been on duty 60 hours in any 7 consecutive days if the employing motor carrier does not operate every day of the week; or
   (2) Having been on duty 70 hours in any period of 8 consecutive days if the employing motor carrier operates motor vehicles every day of the week."

*Motor Freight Corp. v. Ispass,* 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184 (1947). "In determining whether an employee falls within such an exempt category, neither the name given to his position nor that given to the work that he does is controlling, what is controlling is the character of the activities involved in the performance of his job." (citations omitted) *Id.*

If the continuing duties of the employee are of the character described above, the employee is exempt in all workweeks where he is employed in the job and

> "the rule applies regardless of the proportion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting 'safety of operation.' On the other hand, where the continuing duties of the employee's job have no substantial direct effect on such safety of operation or where such safety-affecting activities are so trivial, casual, and insignificant as to be de minimis, the exemption will not apply to him in any workweek so long as there is no change in his duties." 29 C.F.R. § 782.2(b)(3).

Title 29 C.F.R. § 782 defines four types of motor carrier employment activity exempted from the FLSA's overtime protection: (1) "Drivers" (29 C.F.R. § 782.3); (2) "Drivers' helpers" (29 C.F.R. § 782.4); (3) "Loaders" (29 C.F.R. § 782.5); and (4) "Mechanics" (29 C.F.R. § 782.6).

■ The focus of the exemption is not on whether the motor carrier actually obtains or engages in interstate business, but whether the carrier solicits such business. *Brennan v. Schwerman Trucking Co. of Va., Inc.* 540 F.2d 1200, 1203 (4th Cir.1976) ("[I]t is not simply those carriers who actually obtain interstate business that are subject to the jurisdiction of the Secretary of Transportation.").

■ As plaintiffs argue, the FLSA is to be narrowly construed against finding an exemption and an employer relying upon an exemption from the overtime prescriptions of

§ 207 has the burden of proving its employees are plainly and unmistakably exempt. *See Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 206, 86 S.Ct. 737, 747, 15 L.Ed.2d 694 (1966); *Mitchell v. Kentucky Finance Co.,* 359 U.S. 290, 291, 79 S.Ct. 756, 757, 3 L.Ed.2d 815 (1959); *Walling v. General Indus. Co.,* 330 U.S. 545, 548–49, 67 S.Ct. 883, 884–85, 91 L.Ed. 1088 (1947); *Shockley v. City of Newport News,* 997 F.2d 18, 21 (4th Cir.1993); *Friedrich v. U.S. Computer Servs.,* 974 F.2d 409, 412 (3rd Cir. 1992); *Johnson v. City of Columbia, S.C.,* 949 F.2d 127, 129–30 (4th Cir.1991); *Clark v. J.M. Benson Co., Inc.,* 789 F.2d 282, 286 (4th Cir.1986); *Brennan v. Bill Kirk's Volkswagen,* 497 F.2d 892, 894 (4th Cir.1974); *Snell v. Quality Mobile Home Brokers Inc.,* 424 F.2d 233, 235 (4th Cir.1970); *Airlines Transp. v. Tobin,* 198 F.2d 249, 252–53 (4th Cir.1952); *Burgess v. Catawba Cty.,* 805 F.Supp. 341, 345 (W.D.N.C.1992); *Thomas v. County of Fairfax, Va.,* 758 F.Supp. 353, 358 (E.D.Va.1991) ("[T]he terms of the [FLSA], a remedial statute designed to effectuate Congress' goal of providing employment protection, are to be liberally construed. 'Breadth of coverage' is 'vital to [the Act's] mission.' *Powell v. [U.S.] Cartridge Co.,* 339 U.S. 497, 516, 70 S.Ct. 755, 765, 94 L.Ed. 1017 (1950); *Schultz v. W.R. Hartin & Son, Inc.,* 428 F.2d 186, 189 (4th Cir.1970) (Act establishes a 'presumption of coverage.'). Accordingly, exemptions to the Act ... 'are to be narrowly construed and limited to those plainly and unmistakably within their terms and spirit.' *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960); *Mitchell v. Lublin, McGaughy & Assoc.,* 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959); *Pugh v. Lindsay,* 206 F.2d 43, 46 (4th Cir.1953)."); *Wilson v. City of Charlotte, N.C.,* 717 F.Supp. 408, 411 (W.D.N.C.1989) ("The employer must demonstrate that its employees meet every aspect of the claimed exemption before the employees can be denied the protection of the FLSA."); *Nettles v. Techplan Corp.,* 704 F.Supp. 95, 99 (D.S.C. 1988); *McLaughlin v. McGee Bros. Co., Inc.,* 681 F.Supp. 1117, 1133 (W.D.N.C.1988).

UPS has submitted the affidavit of Craig Owen, its Human Resources Manager for the UPS West Virginia District. Mr. Owen describes the job duties of "package drivers" as follows:

"Package drivers work out of 'package centers' which are located throughout the UPS service area. In the United States, UPS has numerous package centers, 13 of which are located in the West Virginia District. The West Virginia District includes the state of West Virginia except for the extreme Eastern Panhandle. Cumberland, Maryland is also included within the West Virginia District." *Id.* at ¶ 4.

Mr. Owen describes the job duties of "feeder drivers" as follows:

"Feeder drivers spend almost their entire workshift on the road transporting trailer loads of sorted packages between centers and hubs. 'Hubs' in the UPS system are the consolidation and distribution centers for packages. Within the West Virginia District, there is only one hub which is located in South Charleston, West Virginia. In transporting packages to various hubs, feeder drivers necessarily travel outside the state of West Virginia." *Id.* at ¶ 7.

Mr. Owen describes the job responsibilities of mechanics as follows: "responsibilities include road testing UPS vehicles after performing maintenance on such vehicles. [M]echanics are required to retrieve and repair UPS vehicles that become incapacitated on the highways." *Id.* at ¶ 8.

Plaintiffs do not dispute UPS is a motor carrier.[4] Nor do plaintiffs contend the job characteristics of the named employee classifications: *i.e.*, feeder drivers, package drivers and mechanics, are not within the purview of the Secretary of Transportation's power to establish regulations for employees whose employment touches the safety of operation and equipment of a motor carrier. 49 U.S.C. § 31502(b)(1). In fact plaintiffs do not contest any of the facts stated in Mr. Owen's affidavit.

In support of their Memorandum in Opposition to Defendant's motion, plaintiffs assert the following,

"The statutory language involved here does not support an exemption where a trucking company systematically coerces off-the-clock overtime work by truck drivers. The exemption applies only if the compensation *system* under which the truck driver *is paid* includes overtime pay, reasonably equivalent [time-and-a-half] for working longer than forty hours per week." (emphasis in original). Plaintiff's Memorandum in Opposition at 3–4.

The range of authorities cited by plaintiffs in support of the foregoing proposition are clearly inapposite and do not support plaintiffs' contention. *See Barrentine v. Arkansas–Best Freight System,* 450 U.S. 728, 741, n. 18, 101 S.Ct. 1437, 1445, n. 18, 67 L.Ed.2d 641 (1981) (no exemption issue); *Bay Ridge Operating Co. v. Aaron,* 334 U.S. 446, 463, 68 S.Ct. 1186, 1196, 92 L.Ed. 1502 (1948) (no exemption issue); *149 Madison Ave. Corp. v. Asselta,* 331 U.S. 199, 204, 67 S.Ct. 1178, 1181, 91 L.Ed. 1432 (1947) (no exemption issue); *Brennan v. Valley Towing Co.,* 515 F.2d 100, 105 (9th Cir.1975) (exemption issue untimely raised and therefore waived); *Tobin v. Little Rock Packing Co.,* 202 F.2d 234, 238 (8th Cir.), *cert. denied,* 346 U.S. 832, 74 S.Ct. 26, 98 L.Ed. 355 (1953) (no exemption issue); *Dole v. Solid Waste Servs., Inc.,* 733 F.Supp. 895, 902, 928–34 (E.D.Pa.1989), *aff'd,* 897 F.2d 521 (3rd Cir.) (Table), *cert. denied,* 497 U.S. 1024, 110 S.Ct. 3271, 111 L.Ed.2d 781 (1990) ("[E]mployees who are regulated by the Secretary of Transportation are automatically exempted from section 7 of the [FLSA]. * * * Essentially, the Secretary of Transportation regulates classes of employees who transport property by motor vehicle and engage in activities directly affecting the

---

**4.** In his affidavit, Mr. Owen describes UPS' business:

"UPS holds itself out to the general public to provide motor vehicle transportation for compensation. UPS accepts packages from consignors located throughout the country for national and international delivery. The ultimate destination of the packages is clearly indicated at the time of pickup. Once packages are picked up, UPS transports them as fast as practicable to the consignee. Approximately 96.02% of the packages delivered within the West Virginia District came from out-of-state consignors." Owen affidavit at ¶ 5.

safety and operation of motor vehicles transporting property on public highways in interstate commerce. 29 C.F.R. § 782.2."); *Pristavec v. Westfield Ins. Co.*, 184 W.Va. 331, 400 S.E.2d 575 (1990) (no FLSA exemption issue); *Wooddell v. Dailey*, 160 W.Va. 65, 230 S.E.2d 466 (1976) (no FLSA exemption issue); *Rogets II: The New Thesaurus*, 987 (1988); *The New Nattal Dictionary of English Synonyms and Antonyms* 396 (1986); *Webster's Third New International Dictionary* 2322 (1971 unabridged); Fernald, *Synonyms, Antonyms, and Prepositions* § 412–13 (1947).

Plaintiffs have submitted numerous affidavits in support of their Response in Opposition.[5] In general, plaintiffs contend they were coerced to perform work for which they were not paid (*i.e.*, during their lunch hour or break, and before and after they had punched their time cards).[6] Complaint at ¶¶ 15–25. They assert UPS management officials threatened them with disciplinary action, including termination, if they did not perform unpaid work.

The Court concludes UPS is entitled to partial summary judgment on plaintiffs' claims under the FLSA. UPS has presented evidence, through Mr. Owen's affidavit, showing employees who performed job activities described as package drivers, feeder drivers or mechanics qualify for exempt status under the FLSA. In response, plaintiffs have done little more than baldly assert the

exemptions should not apply under the circumstances alleged in the complaint. Because plaintiffs have responded insufficiently to rebut UPS' showing the exemption applies, the Court concludes all employees who fall within the description of package drivers, feeder drivers or mechanics, as those positions are described in Mr. Owen's affidavit, are exempt from the FLSA's overtime protection provision. The motion for partial summary judgment is **GRANTED** in regard to the FLSA claims.

■ Defendants also move for partial summary judgment on plaintiffs' state law claim under *W.Va.Code* § 21–5C–1, *et seq.* West Virginia Code § 21–5C–3 (1992) provides overtime protection almost identical to the FLSA, mandating, in part,

"On or after the first day of July, [1980], no employer shall employ any of his employees for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed."

Plaintiffs argue, and UPS does not dispute, the state statute is not preempted by the FLSA. Plaintiffs are correct. Title 29 U.S.C. § 218(a) allows states to set more stringent wage laws than are mandated by the FLSA.[7] It is undisputed state overtime

---

**5.** *See* Plaintiffs' Memorandum in Opposition, Exhibits A–T.

**6.** It is unclear from the pleadings whether UPS pays wages at time-and-a-half for employees who work more than forty hours "on the clock." Plaintiffs have not alleged UPS failed to pay them for time worked "on-the-clock." The Court notes Article 17 of "National Master United Parcel Service Agreement and Atlantic Area Supplemental Agreement," a collective bargaining agreement between UPS and its employees, submitted as Exhibit A to UPS' motion, states, in part, as follows: "Time shall be computed from the time that the employee is ordered to report for work and registers in and until the employee is effectively released from duty. * * * The Employer will not allow employees to work prior to their start time without appropriate compensation." It thus appears if plaintiffs allegations are true they may have an action for breach of contract. Because no breach of contract cause of action has been raised, the Court need not reach that issue.

**7.** Title 29 U.S.C. § 218(a) states:

"(a) No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter."

*See Agsalud v. Pony Exp. Courier Corp. of America*, 833 F.2d 809, 810 (9th Cir.1987).

protection laws apply also to employees exempt from the overtime protections of the FLSA. *See Pacific Merchant Shipping Ass'n v. Aubry,* 918 F.2d 1409 (9th Cir.1990), *cert. denied,* 504 U.S. 979, 112 S.Ct. 2956, 119 L.Ed.2d 578, *and cert. denied sub. nom., Tidewater Marine Serv., Inc. v. Aubry,* 504 U.S. 979, 112 S.Ct. 2956, 119 L.Ed.2d 578 (1992); *Pettis Moving Co., Inc. v. Roberts,* 784 F.2d 439, 441 (2nd Cir.1986); *Williams v. W.M.A. Transit Co.,* 472 F.2d 1258, 1261 (D.C.Cir.1972); *Central Delivery Serv. v. Burch,* 355 F.Supp. 954, 959–60 (D.Md.), *aff'd,* 486 F.2d 1399 (4th Cir.1973) (Table); *Plouffe v. Farm & Ranch Equipment Co.,* 174 Mont. 313, 319–20, 570 P.2d 1106, 1109– 10 (1977). Thus, the state statute mandating time and one-half overtime pay is not preempted by the FLSA.

■ As pointed out by UPS, however, the state statute specifically exempts any employee exempted by the FLSA. As stated in *W.Va.Code* § 21–5C–1(f)(17), the employees referred to in the overtime protection provision of § 21–5C–3(a) do not include "any employee with respect to whom the United States department of transportation has statutory authority to establish qualifications and maximum hours of service." Plaintiffs have ignored and not responded to this aspect of UPS' motion. The Court concludes the exemption cited by UPS is applicable under both the FLSA and *W.Va.Code* § 21–5C–1, *et seq.* Therefore, the Court **GRANTS** UPS' motion for partial summary judgment in regard to *W.Va.Code* § 21–5C–1, *et seq.* and holds all employees who fit the description of package drivers, feeder drivers or mechanics as those positions are described in Mr. Owen's affidavit are exempt from both the FLSA and the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act's overtime protection provisions.

Based upon the foregoing, UPS' motion for partial summary judgment is **GRANTED.**[8] Plaintiffs also move to join as additional plaintiffs the following individuals: Michelle Andrews, Pamela M. Burch, Michael W. Curry, Brian K. Dye, Kenneth E. Geissler, Linda S. Halapy, Deborah Harrison, Delmar F. Hess, Sarah Kidwiler, Ronald L. Leisure,

Samuel E. Ramey, Marcella J. Shaffer, Patti Ann Smith, Mark A. Tenney, Kenneth Michael Tibbs and Margaret Wilkerson. Subject to the aforementioned grant of partial summary judgment, the plaintiffs' motion to join is **GRANTED.**

---

8. The Court **DENIES** UPS' motion to strike affi-    davits.