**Dennis BENSON, Michael Clarey, John Zimmer, William Riddock, Obrad Zivojnovity and Patrick Clayton, Plaintiffs-Appellees,**

v.

**UNIVERSAL AMBULANCE SERVICE, INC., Defendant-Appellant.**

**No. 80–1661.**

United States Court of Appeals, Sixth Circuit.

Argued by Appellant on Briefs by Appellee Dec. 1, 1981.

Decided April 9, 1982.

Wilfrid L. Burke, Detroit, Mich., for defendant-appellant.

Leonard Alan Henk, Thomas W. Jakuc, Warren, Mich., for plaintiffs-appellees.

Before ENGEL and KEITH, Circuit Judges, and ALLEN, District Judge.[*]

ALLEN, District Judge.

Appellant, Universal Ambulance Service, Inc., operates a private ambulance service and employs appellees, Dennis Benson, Michael Clarey, John Zimmer, William Riddock, Obrad Zivojnovity, and Patrick Clayton, as drivers, attendants and dispatchers. Appellees are paid a straight salary for a seventy-two hour work week, divided into three twenty-four hour shifts. The District Court upheld appellees' challenge under Section 207 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ruling that appellees were entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for all hours in excess of forty per week.

The principal but by no means easy issue in this case is whether appellant Universal Ambulance Service, Inc. was properly subject to this Fair Labor Standards Act suit. It is the Ambulance Service's assertion on appeal that although not exercised, the sole jurisdiction over the wages and hours and conditions of employment of its employees is not under the Department of Labor, charged with administration of the Fair Labor Standards Act, but rather is under the Department of Transportation.

Section 13(b)(1) of the Fair Labor Standards Act, 29 U.S.C. § 213(b)(1)[1] provides that the overtime provisions which are the subject of this action are inapplicable to any employee with respect to whom the Secretary of Transportation has power to establish maximum hours of service. The Motor Carriers Act, 49 U.S.C. § 301 *et seq.*, provides that the Secretary of Transportation has power to regulate the hours and working conditions of those who (1) are employed by common carriers by motor vehicle who are engaged in interstate commerce, 49 U.S.C. § 304, and (2) engage in activities which directly affect the safety of operation of such motor vehicles in interstate commerce. See 29 CFR 782.2, *United States v. American Trucking Associations, Inc.*, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940).

Since the exemption is phrased in terms of "power to regulate," the fact that the Secretary of Transportation has not actually attempted to regulate appellant or other ambulance services specifically is not significant in determining whether the Motor Carriers Act contemplates such regulation. *Morris v. McComb*, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44 (1947). Neither is the determination of this matter aided by appellees' citation of various directives and regulations issued by the Wage and Hour Division of the Department of Labor on the subject of ambulance attendants. It is clear that the agency with whose interpretation the exemption in issue is concerned is not the Department of Labor, but rather the Department of Transportation. It has been held that interpretive regulations of the Wage and Hour Division do not control interpretation of the Motor Carriers Act. *Levinson v. Spector Motor Company*, 330 U.S. 649, 67 S.Ct. 931, 91 L.Ed. 1158 (1947).

---

[*] The Honorable Charles M. Allen, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

[1] "(b) The provisions of section 207 of this title shall not apply with respect to—

(1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49; ...."

■ "Interstate commerce" is an element of jurisdiction under both the Fair Labor Standards Act and the Motor Carriers Act. The Fair Labor Standards Act was intended to reach throughout interstate commerce. 29 CFR § 776.9. The test is a practical one of whether the employee's activities affect interstate commerce. 29 U.S.C. § 203(b); *Mitchell v. Vollmer & Co., Inc.,* 349 U.S. 427, 75 S.Ct. 860, 99 L.Ed. 1196 (1955).

■ The District Court found:

The plaintiffs and the defendant are engaged in a business which has a substantial effect on interstate commerce. Plaintiffs responded to emergencies on streets and highways over which flows significant commerce between the states. As an integral part of their work, plaintiffs remove obstructions from such streets and highways as to enable commerce to move freely.

*Benson v. Universal Ambulance Service, Inc.,* 497 F.Supp. 383, 385 (E.D.Mich., 1980). Such evidence clearly supports a determination that the "interstate commerce" prerequisite for Fair Labor Standards Act jurisdiction is satisfied.

■■ For Motor Carriers Act jurisdiction to attach, it is insufficient to show that the employer has a substantial effect on interstate commerce. Rather, the employer must be (1) a carrier (2) in interstate commerce. The District Court held that appellant was not a carrier. We are able to discern no authority for this determination. As stated in *Duffy v. Oele,* 274 F.Supp. 307, 311 (W.D.Mich.1967):

Ambulance service is traditionally considered a part of the transportation industry.

Appellant is engaged in the business of transporting passengers for hire from one place to another. The structure of the Motor Carriers Act itself bolsters the conclusion that non-typical forms of transportation such as this were intended to be included within the definition of "carrier" in that specific exemptions were provided for such similarly specialized forms of transportation as taxicabs and school buses. 49 U.S.C. § 302.

Further, it appears that appellant was operating as a carrier in interstate commerce, since the District Court found:

Plaintiffs transport sick and injured persons to and from airports for interstate travel to other hospitals, clinics, or facilities.

497 F.Supp. at 385. In *Morris v. McComb, supra,* the employer in question was held to be a carrier operating in interstate commerce when three to four percent of its work involved taking shipments from their origin to docks for interstate transport to their ultimate destination.

The District Court also found in the alternative that the plaintiffs are not engaged in activities which directly affect the safety of operation of motor vehicles within the contemplation of the Motor Carriers Act. It would appear to be beyond question that the driver of a common carrier vehicle directly affects the safety of operation of that vehicle. See 49 CFR § 390.11.

■ More questionable is the proposition that non-driver attendants or dispatchers affect the safety of operation of the vehicle. It has been held that the Interstate Commerce Commission's conclusion that loaders directly affect safety of operation is reasonable, and that

It is the character of the activities rather than the proportion of either the employee's time or of his activities that determines the actual need for the Commission's power to establish reasonable requirements with respect to qualifications, maximum hours of service, safety of operation and equipment.

*Levinson v. Spector Motor Co.,* 330 U.S. 649, 674, 67 S.Ct. 931, 944, 91 L.Ed. 1158 (1947).

Nothing in the record reflects the nature of the plaintiffs' duties on an individual basis, the determination of absence of effect on safety of operations apparently having been based on the activities of defendant as an entity. The test for Motor Carriers Act coverage—and consequent exemption from 29 U.S.C. § 207—is whether "a substantial part" of the activities of the individual employee affect safety of opera-

tion in interstate commerce. *Pyramid Motor Corp. v. Ispass*, 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184 (1947). Thus, we are compelled to remand this matter for further fact-finding on this issue.

While it may be that denying plaintiffs jurisdiction on the basis of the 29 U.S.C. § 213(b)(1) exemption is a distortion of the spirit of both the Motor Carriers Act and the Fair Labor Standards Act, we may not resort to legislative intent when the terms of the statutes are clear. Exemption of ambulance drivers who operate in interstate commerce from the regulatory power of the Secretary of Transportation must be accomplished through Congressional rather than judicial action.

Appellant also contends that it has not run afoul of the overtime provisions because the actual working hours of the appellees do not exceed forty per week. The argument is that the District Court erred in its factual determination that there was no implied agreement between appellant and its employees that "sleep-time" and "eating-time" would be included in the seventy-two hour work week. Examination of the record reveals extremely thoughtful consideration of the evidence by the District Court, evidence ample to support the factual determination.

Finally, appellant contends that an entity not joined in the proceedings thus far is a necessary and indispensable party. In view of the stipulations of record regarding the employer of appellees, and the 1979 Michigan Annual Reports indicating no significant separation of identity between appellant and the proposed additional party, we believe this argument to be without merit.

Reversed and remanded.