741 F.2d 245
 26 Wage & Hour Cas. (BN 1447, 101 Lab.Cas. P 34,575
 Richard V. JONES, Richard P. Skinner, Steven Peck, John
Steven Elam, Art Stratton, Gary M. Lehde, Robert A.
Christian, Ed Cleeves, James H. Davis, John D. Hansen, John
A. DeSoto, Robert S. Ambrose and Michael D. Standifer,
Plaintiffs-Appellees,
v.
Don T. GILES, Gertrude Giles, Darrel Giles, Darlene
Francour, d/b/a AA Superior Ambulance Company,
Defendants-Appellants.
 No. 83-4213.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 8, 1984.
Decided Aug. 21, 1984.
 
 Steven B. Frank, Seattle, Wash., for plaintiffs-appellees.
 O.W. Hollowell, Hollowell & Pisto, Federal Way, Wash., for defendants-appellants.
 Appeal from the United States District Court, Western District of Washington.
 Before KILKENNY and NELSON, Circuit Judges, and EAST, District Judge.*
 KILKENNY, Circuit Judge:
 
 
 1
 Giles appeals from the district court's judgment based on violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 201 et seq., and from the court's denial of his post-judgment motions. We affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 The district court made the following findings of fact: Giles employed ambulance drivers and paramedics, appellees in this action, between March, 1979--September, 1981. Appellees were scheduled to work 24 hour shifts according to a variable ON-OFF system. Each appellee was on call at all times during the shift, including meal and sleep periods. When an appellee worked less than a full 24 hour shift, he was paid at an hourly rate computed by dividing his per shift rate by 24. No overtime compensation was ever paid.
 
 
 3
 While on duty appellees were not free to leave the premises for their own purposes; meal and sleep periods were frequently interrupted by calls. No agreement existed between Giles and appellees regarding regularly scheduled meal or sleep periods during each 24 hour shift or whether sleep and meal periods would be counted as hours worked or counted only if interrupted. Additional compensation was never paid for interrupted sleep or meal periods.
 
 
 4
 All appellees were required to report ten minutes early for each shift to inspect and refurbish the ambulances as needed. Appellees occasionally worked beyond the end of the normal shift.
 
 
 5
 The district court concluded that jurisdiction was conferred by 29 U.S.C. Sec. 216(b); that under the FLSA Giles was not entitled to treat eight hours sleep time or three hours meal time or ten minutes report time as non-compensable. The court also concluded that Giles failed to prove reliance on an administrative ruling under 29 U.S.C. Sec. 259; that appellees met the statute of limitations requirements of 29 U.S.C. Sec. 255(a), and that appellees were entitled to recover unpaid minimum wages, unpaid overtime wages, liquidated damages, and attorney's fees.
 
 
 6
 Giles filed post-judgment motions under FRCivP 59(a) and (e) for a new trial, under FRCivP 52 to amend the findings and judgment, and under FRCivP 60(b)(4) to vacate the judgment as void. The motions were denied.
 
 ISSUES
 
 7
 1. Is the district court's judgment void for lack of subject matter jurisdiction?
 
 
 8
 2. Did Giles timely raise the 29 U.S.C. Sec. 213(b)(1) exemption?
 
 
 9
 3. Is Giles entitled to 29 U.S.C. Sec. 213(b)(1) exemption?
 
 
 10
 4. Did the district court properly award attorney's fees?
 
 DISCUSSION
 
 11
 1. Voidness for lack of subject matter jurisdiction
 
 
 12
 (A) Standard of review
 
 
 13
 Giles' appeal from both the court's judgment and from denial of the post-judgment motions center on his argument that the district court was without subject matter jurisdiction over appellees' overtime claims and therefore the judgment should be vacated as void.
 
 
 14
 A district judge has no discretion in determining whether a judgment is void; it either is or it is not. Accordingly, we review de novo. See Honneus v. Donovan, 691 F.2d 1, 2-3 (CA1 1982); Compton v. Alton Steamship Co., 608 F.2d 96, 107 (CA4 1979); see also Miller v. Oregon Liquor Control Comm'n, 688 F.2d 1222, 1223 (CA9 1982). The court's characterization of the 29 U.S.C. Sec. 213(b)(1) exemption is a question of law and therefore is also subject to de novo review. See Belnap v. Chang, 707 F.2d 1100, 1102 (CA9), cert. denied --- U.S. ----, 104 S.Ct. 528, 78 L.Ed.2d 711 (1983).
 
 
 15
 We review the court's denial of Giles' Rule 52 motion under the clearly erroneous standard, Inwood Lab Inc. v. Ives Lab, Inc., 456 U.S. 844, 855, 102 S.Ct. 2182, 2188, 72 L.Ed.2d 606 (1982), and denial of his Rule 50 motion under the abuse of discretion standard, Peacock v. Bd. of Regents, 597 F.2d 163, 165 (CA9 1979).
 
 
 16
 (B) Analysis
 
 
 17
 Federal courts are courts of limited jurisdiction, whose constitutional or congressional limitations must be neither disregarded nor evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Absence of subject matter jurisdiction may render a judgment void where a court wrongfully extends its jurisdiction beyond the scope of its authority. Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 (CA8 1980) (citing Stoll v. Gottlieb, 305 U.S. 165, 171, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938)), cert. denied 449 U.S. 955, 100 S.Ct. 363, 66 L.Ed.2d 220 (1980). An error in interpreting a statutory grant of jurisdiction is not, however, equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity. Id. See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376-77, 60 S.Ct. 317, 319-320, 84 L.Ed. 329 (1940). A void judgment, as opposed to an erroneous one, is legally ineffective from inception. Id.
 
 
 18
 In the interests of finality, the concept of void judgments is narrowly construed, Lubben v. Selective Serv. System Local Bd. 27, 453 F.2d 645, 649 (CA1 1972), and we hold that the judgment in this case was not void. Giles conceded that the court had original jurisdiction over the case pursuant to 28 U.S.C. Sec. 1337(a), and there is no question that the court had jurisdiction under 29 U.S.C. Sec. 216(b) to decide whether appellees' overtime claims were exempt from the FLSA. Even assuming that the court erred in deciding the applicability of 29 U.S.C. Sec. 213(b)(1), that error has no bearing on the court's power to decide those issues. See Great Lakes Carbon, 624 F.2d at 826. Federal courts have jurisdiction to determine jurisdiction, Dental Cap. Leasing Corp. v. Martinez (In re Martinez), 721 F.2d 262, 264 (CA9 1983), and adoption of Giles' argument would disregard those principles that prescribe federal courts' authority to assume jurisdiction. See Marshall v. Bd. of Ed., 575 F.2d 417 (CA3 1978). But cf. Benson v. Universal Ambul. Serv., 675 F.2d 783 (CA6 1982) (holding that the FLSA does not confer jurisdiction over ambulance services).
 
 
 19
 Accordingly, we conclude that the district court did not err in holding that it had subject matter jurisdiction over the action and in denying Giles' post-judgment motions.
 
 
 20
 The question now remains as to the proper characterization of the 29 U.S.C. Sec. 213(b)(1) exemption. The district court held that it is an affirmative defense that must be pleaded and proved by Giles. That holding was not erroneous. An employer who claims an exemption from the FLSA has the burden of showing that the exemption applies. See Donovan v. Nekton, Inc., 703 F.2d 1148, 1151 (CA9 1983).
 
 
 21
 2. Timeliness of 29 U.S.C. Sec. 213(b)(1) exemption
 
 
 22
 Giles argues that he timely raised the exemption issue in his reply trial brief and that the district court erred in not amending the pretrial order under FRCivP 15(b) to conform to the evidence. We avoid passing on the issue because, even assuming that Giles timely raised the issue, the exemption does not apply.
 
 3. 29 U.S.C. Sec. 213(b)(1) exemption
 
 23
 (A) Standard of Review
 
 
 24
 The district court's holding on the applicability of the 29 U.S.C. Sec. 213(b)(1) exemption is a question of law and therefore we review de novo. See Levinson v. Spector Motor Serv., 330 U.S. 649, 67 S.Ct. 931, 91 L.Ed. 1158 (1947).
 
 
 25
 (B) Analysis
 
 
 26
 Section seven of the FLSA requires payment of overtime compensation to employees covered by the section. Section seven does not, however, cover all employees who are subject to the FLSA generally. 29 U.S.C. Sec. 213(b)(1) exempts from the overtime compensation provisions those employees who are subject to the jurisdiction of the Secretary of Transportation (formerly the Interstate Commerce Commission (ICC), see Department of Transportation Act, 49 U.S.C. Sec. 1655(e)(6)(B) (repealed 1983)) under section four of the Motor Carriers Act (MCA), 49 U.S.C. Sec. 304(a)(1) (repealed 1978 and revised, 49 U.S.C. Sec. 3102(b) (1983)). See Marshall v. Union Pac. Motor Freight Co., 650 F.2d 1085, 1088-89 (CA9 1981). No concurrent jurisdiction exists between section seven of the FLSA and section four of the MCA. Levinson, 330 U.S. at 661, 67 S.Ct. at 938.
 
 
 27
 The Interstate Commerce Commission concluded in Lonnie W. Dennis, 63 M.C.C. 66 (1954), that the petitioner's ambulance services were outside of the jurisdiction of the Motor Carriers Act. The ICC noted that ambulance service implies emergency situations and a freedom of movement and that public interest mandates that ambulances be sent over the most practicable routes to whatever destinations their services may be needed, irrespective of any limitations upon their operating authority. 63 M.C.C. at 70. The Department of Transportation has incorporated this language into its interpretation of the Federal Motor Carrier Safety Regulations (FMCSR), stating that the operation of ambulances in transportation of corpses or sick and injured persons is not subject to the FMCSR. See 40 Fed.Reg. 50,677 (1975) and 42 Fed.Reg. 60,08 0 (1977). An agency's interpretation of a statute for which it is primarily responsible to implement is entitled to considerable deference. See, e.g., Stamper v. Secretary of Agriculture, 722 F.2d 1483, 1488 (CA9 1984).
 
 
 28
 The Secretary of Transportation, by virtue of the transfer of authority from the ICC of all orders previously issued by the ICC to the Secretary of Transportation, thus adopted the Dennis decision. Newhouse v. Robert's Ilima Tours, Inc., 523 F.Supp. 320, 322 (D.Haw.1981), remanded without opinion 654 F.2d 731 (CA9 1981); Department of Transportation Act, 80 Stat. at 949 (1966) (codified at 49 U.S.C. Sec. 1651 (Historical Note) (Savings Provisions) (repealed 1983)). Furthermore, the Department of Transportation, not the Department of Labor, is responsible for interpreting exemptions from the MCA. Benson, 675 F.2d at 785. See Levinson, 330 U.S. at 676-77, 67 S.Ct. at 945. Once a certificate of exemption is in existence, the carrier is removed from MCA jurisdiction until the certificate is revoked or conditioned. Newhouse v. Robert's Ilima Tours, Inc., 708 F.2d 436, 440 (CA9 1983), appeal following remand, 523 F.Supp. 320 (D.Haw.1981). In this case, the Secretary of Transportation has incorporated the Dennis decision in its interpretation of the FMCSR, therefore it is the FLSA, and not the MCA, that applies to appellees' overtime claims.
 
 
 29
 We are unpersuaded by the Sixth Circuit's reasoning in Benson v. Universal Ambul. Serv., 675 F.2d 783 (CA6 1982). There, the court held that an ambulance service was a motor carrier, relying on the following language: "Ambulance service is traditionally considered a part of the transportation industry." Id. at 786 (quoting Duffy v. Oele, 274 F.Supp. 307, 311 (W.D.Mich.1967)). Duffy, however, held that an ambulance service was subject to the FLSA, not the Motor Carriers Act.
 
 
 30
 The Sixth Circuit also reasoned that because such vehicles as school buses and taxicabs were specifically exempt from the Motor Carriers Act, see 49 U.S.C. Sec. 303(b)(1) & (2) (repealed in 1978), and ambulances were not specifically exempt, ambulances must be subject to the act. Benson, 675 F.2d at 786. We do not believe, however, that the list of specific exemptions contained in Sec. 303(b)(1) & (2) was intended to be exclusive. Rather, the list of exclusions appears to have been intended to clarify the types of transportation to which the Motor Carriers Act was not intended to apply. Ambulance services, like taxicabs, transport small numbers of people and do not use predetermined routes. In addition, ambulances and taxicabs, unlike interstate trucking firms, are usually subject to municipal regulation. Ambulances, like taxicabs, are therefore not the sorts of transportation that require national regulation. Cf. National Transportation Policy (1940) 54 Stat. 899 (Congress' transportation system sufficient to meet the needs of commerce, the postal service, and national defense).
 
 
 31
 We do not believe that the Motor Carriers Act, rather than the FLSA, applies to ambulance services. We also note that the Eighth Circuit has implied that the FLSA applies to ambulance services. See Mitchell v. Williams, 420 F.2d 67 (CA8 1969). Thus, we hold that ambulance services are not subject to the Motor Carriers Act, and are therefore subject to the FLSA.
 
 
 32
 Any exemption to the FLSA must be narrowly construed, Nekton, 703 F.2d at 1151, and we therefore hold that Giles was not entitled to a 29 U.S.C. Sec. 213(b)(1) exemption.
 
 4. Attorney's fees
 
 33
 (A) Standard of review
 
 
 34
 An award of attorney's fees will not be disturbed on appeal absent an abuse of discretion. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (CA9 1975), cert. denied 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).
 
 
 35
 (B) Analysis
 
 
 36
 The FSLA allows prevailing plaintiffs a reasonable attorney's fee. 29 U.S.C. Sec. 216(b); Newhouse, 708 F.2d at 441. The court in this case awarded appellees $14,000 in attorney's fees at an hourly rate of $50, and reduced the requested amount by over $5,000. The court also awarded $2,500 to appellees for their post-judgment attorney's fees, a reduction of nearly 50% of the amount requested.
 
 
 37
 Giles argues that the district court failed to substantially consider the twelve relevant factors adopted by the Ninth Circuit in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (CA9 1975), cert. denied 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). The court need not specifically discuss all twelve factors so long as the record shows that it considered the relevant factors necessary to support a reasonable award. Newhouse, 708 F.2d at 441. The court may even view one Kerr guideline as controlling if all factors were considered. Id. We are satisfied that the court complied with Kerr. The court noted that it had carefully considered the Kerr factors and that the case was neither complex nor difficult. We find no abuse of discretion. See id.
 
 CONCLUSION
 
 38
 We conclude that the judgment of the district court must be affirmed.
 
 
 39
 IT IS SO ORDERED.
 
 
 
 *
 The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation