Accordingly, the order of the District Court is affirmed.

**Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff–Appellant,**

**v.**

**COYNE INTERNATIONAL ENTERPRISES, CORP., a Corporation, doing business as Coyne Textile Services, Defendant–Appellee.**

No. 1341, Docket 91–6319.

United States Court of Appeals, Second Circuit.

Argued April 20, 1992.

Decided June 1, 1992.

**62**

Leif G. Jorgenson (Marshall J. Breger, Sol. of Labor, Monica Gallagher, Associate Sol., William J. Stone, Counsel for Trial Litigation, U.S. Dept. of Labor, Washington, D.C.), for plaintiff-appellant.

Kerry J. Hanlon, O'Hara & Hanlon, Syracuse, N.Y., for defendant-appellee.

* Hon. Pierre N. Leval, District Judge, United States District Court for the Southern District of New York, sitting by designation.

Before: OAKES, Chief Judge, WALKER, Circuit Judge, and LEVAL, District Judge.*

WALKER, Circuit Judge:

This case involves a single issue of statutory interpretation. The Secretary of Labor ("Secretary") sued Coyne International Enterprises ("Coyne") under § 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, to recover overtime wages allegedly owing to drivers employed by Coyne. The sole question is whether § 13(b)(1) of the FLSA, 29 U.S.C. § 213(b)(1), exempts Coyne's drivers from the overtime requirements. The district court found that the exemption applied, and granted summary judgment to Coyne. We agree with the district court, and therefore affirm. .

*Background*

The facts in this case are not in dispute. Coyne operates an industrial laundry service with plants, terminals and routes in twenty-one states. Coyne does not pay overtime wages to the drivers who deliver laundry to Coyne's customers in the Buffalo area. The parties stipulate that the vehicles operated by the Buffalo drivers weigh exactly 10,000 pounds.

The Secretary brought a claim on behalf of Coyne's drivers seeking to recover back overtime wages and to establish a right to future overtime compensation. Coyne filed a motion for summary judgment, relying on § 13(b)(1) of the FLSA, 29 U.S.C. § 213(b)(1). That section provides that the overtime provisions of the FLSA shall not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [the Motor Carriers Act]."

Under the Motor Carriers Act, the Secretary of Transportation has the power to regulate the "qualifications and maximum hours of service of employees of ... a motor private carrier, when needed to promote safety of operation." 49 U.S.C.

§ 3102(b)(2). The parties agree that Coyne is a motor private carrier within the meaning of the statute. They also agree that prior to 1988, the Secretary of Transportation had the power to regulate Coyne's drivers, and therefore that, under § 13(b)(1), the minimum wage provisions of the FLSA did not apply.

The Secretary of Labor contends, however, that regulations promulgated in 1988 by the Federal Highway Administration (FHWA), the Secretary of Transportation's arm for enforcing the Motor Carriers Act, effectively cancelled the power of the Secretary of Transportation to regulate the hours of Coyne's Buffalo drivers. Specifically, the Secretary points to 49 C.F.R. § 390.5, which defines commercial motor vehicles to include only those vehicles having "a gross vehicle weight rating or gross combination weight rating of 10,001 or more pounds." The Secretary asserts that with this decision to limit the scope of existing regulation to vehicles weighing over 10,000 pounds, the FHWA relinquished the "power" under the Motor Carriers Act to regulate lighter vehicles. Thus, the Secretary argues that the § 13(b)(1) exemption from the overtime provisions of the FLSA does not apply.

Judge Curtin, in a thorough and well-reasoned opinion, rejected this argument. The district court explained that the decision not to exercise a particular power is not equivalent to the non-existence of that power. Accordingly, the court granted summary judgment to Coyne. We now affirm.

*Discussion*

The Secretary can not seriously contend that a mere failure to regulate by the FHWA would be equivalent to a denial of the power to regulate for § 13(b)(1) purposes. The Supreme Court rejected this argument nearly fifty years ago in *Southland Gasoline Co. v. Bayley*, 319 U.S. 44, 63 S.Ct. 917, 87 L.Ed. 1244 (1943). There, the Court held that the defendant was exempt from the FLSA even though the Interstate Commerce Commission (ICC) (which, at the time, had the power to enforce the Motor Carriers Act) had not yet issued regulations that covered defendant's employees. *See also Levinson v. Spector Motor Service*, 330 U.S. 649, 67 S.Ct. 931, 91 L.Ed. 1158 (1947); *Morris v. McComb*, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44 (1947).

■ The Secretary asserts instead that once the FHWA established regulations excluding a particular group, the FHWA became bound by those regulations and thus lacked the power to regulate the excluded group. The Supreme Court, however, rejected a similar argument in *Southland Gasoline*. There, the plaintiffs pointed out that the Motor Carriers Act authorized the ICC to set maximum hours only "if need therefor is found." 319 U.S. at 47, 63 S.Ct. at 919. The Court responded that the necessity of such a prior finding "did not affect the existence of the power." *Id.* at 48, 63 S.Ct. at 919. Similarly, the fact that the FHWA must promulgate new regulations in order to cover Coyne's employees does not mean that the FHWA lacks the power to do so.

■ The cases cited by the Secretary are not to the contrary. In *Jones v. Giles*, 741 F.2d 245 (9th Cir.1984) the Secretary of Transportation had issued regulations stating that ambulance drivers were not covered by the Motor Carriers Act. The Ninth Circuit deferred to that construction of the statute and concluded that the § 13(b)(1) exemption did not apply.

Here, however, the regulations at issue can not be construed as the FHWA's interpretation of the limits of its authority. Quite to the contrary, the regulations explicitly reserve the possibility of regulation of light-weight vehicles in the future:

> Although the FHWA retains its authority to regulate lighter weight vehicles in the interest of safety, the FHWA does not believe that such Federal regulation is warranted at this time.

53 Fed.Reg. 18042, 18044 (1988). To the extent that *Jones* suggests that courts construing § 13(b)(1) should defer to the FHWA's view of the extent of its authority

under the Motor Carriers Act, *Jones* supports Coyne's position, not the Secretary's.

The Secretary also points to *Newhouse v. Robert's Ilima Tours, Inc.,* 708 F.2d 436 (9th Cir.1983). There, the ICC had granted the employer, who operated bus tours in Hawaii, a certificate of exemption from the Motor Carriers Act. The Motor Carriers Act provided that where the Commission finds that "a carrier's activities d[o] not substantially affect interstate commerce, it [i]s required to grant an exemption." *Id.* at 439. The Ninth Circuit reasoned that since the statute mandated the issuance of the certificate of exemption once the Commission made certain factual determinations, the Commission lacked the power to regulate the carrier "so long as there was no change in circumstances." *Id.*

Here, by contrast, the FHWA has not issued a certificate of exemption or taken any other step mandated under the statute that would negate its power to promulgate regulations affecting Coyne. Accordingly, *Newhouse* does not assist the Secretary.

Finally, the Secretary points to *Brock v. Pacific Vacuum Truck Co.,* 1987 Fed Car. Cases ¶ 83,297 (C.D.Cal.1987). While there is language in *Brock* to support the secretary's position, in that case the Secretary of Transportation had concluded that its regulations under the Motor Carriers Act went to the limit of its statutory authority. Accordingly, any person not covered by the regulation was necessarily, in the Secretary of Transportation's view, beyond the scope of the statute. Thus, *Brock* is, in essence, a case like *Jones* that turns on deference to the Secretary of Transportation's interpretation of the scope of the Motor Carriers Act. To the extent that *Brock* suggests that where a group has been left out of a regulation, the Secretary then lacks the power to regulate that group, we think that *Brock* is impossible to reconcile with the Supreme Court's troika of *Southland, Levinson,* and *McComb.* Accordingly, we conclude that the district court appropriately granted summary judgment in favor of Coyne.

*Conclusion*

We affirm the judgment of the district court in all respects.