Brad **SMITH, Brian Skjei, Dan Ehlen, Sherman Syverson, Denise Krogen, James Van Lith, Thomas M. Tomaino, Scott Brethorst, Rick Cameron, Wyatt Mitzel, Dawn Mertz, Don Martin, Ken Krupich, Judy Goos, Kyle Janssen, Robert Schmieg, Michael Ott, Steve Briggs, Karen Christopherson, Robb Zimmel, Susan Lindemoen, Bryan Minske, Francis Fenlason, Plaintiffs,**

v.

**F–M AMBULANCE SERVICE, INC., Defendant.**

**Civil No. A3–95–73.**

United States District Court, D. North Dakota, Southeastern Division.

Nov. 9, 1995.

**360**

Jeff A. Bredahl, Bredahl Hill, P.C., Fargo, ND, for plaintiffs.

Ronald H. McLean, Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, ND, Catharine F. Haukedahl, Jan D. Halverson, Felhaber, Larson, Fenlon & Vogt, Minneapolis, MN, for defendant.

### MEMORANDUM AND ORDER

WEBB, Chief Judge.

Before the court is plaintiffs' motion for partial summary judgment on this issue of defendant's alleged exemption under the Fair Labor Standards Act (doc. # 10). Defendant opposes the motion. Additionally, defendant moves the court for partial summary judgment as to the claims for overtime compensation (doc. # 18). The court heard oral arguments on the cross motions for partial summary judgment on October 24, 1995, at which time the court took the motions under advisement. This order follows.

### FACTUAL BACKGROUND

The plaintiffs, employees of defendant F–M Ambulance Service, Inc., initiated this action to recover overtime compensation, liquidated damages, attorney fees, interests and costs, pursuant to Section 16(b) of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 216(b). Plaintiffs are paramedics, emergency medical technicians and related personnel who claim to have worked, since June 1, 1992, in excess of forty (40) hours per week.

Defendant is an ambulance service company that is organized and exists under the laws of the State of North Dakota. Its principal place of business is located in Fargo, North Dakota. At all relevant times, defendant was engaged in the business of rendering advanced and basic life support, emergency medical services, emergency paramedic services, emergency paramedic transportation, and wheelchair transportation.

Defendant conducts thousands of ambulance transports annually, many of which either originate or terminate in Minnesota. It also transports hospital clients (patients) to and from Hector International Airport. Defendant operates its business twenty-four (24) hours a day, with a typical employee working 24 hours on-duty, 24 hours off-duty, 24 hours on-duty, 24 hours off-duty, 24 hours on-duty, and four days off. In the ambulance service, the employees work in two member crews, with one crew member serving as driver and the other as an attendant. In practice, crews generally rotate the driver/attendant roles on an alternating calls basis.

As indicated, plaintiffs have moved the court for partial summary judgment on the issue of defendant's alleged exemption under the FLSA and defendant has moved the court for partial summary judgment as to the claims for overtime compensation.

### SUMMARY JUDGMENT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is improper if the court finds a genuine issue of material fact; however, the mere existence of some alleged factual dispute will not defeat an otherwise properly supported

motion. *Vacca v. Viacom Broadcasting of Mo., Inc.,* 875 F.2d 1337, 1339 (8th Cir.1989). "Summary judgment 'should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" *Id.* (quoting *Snell v. United States,* 680 F.2d 545, 547 (8th Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 344, 74 L.Ed.2d 384 (1982)).

## DISCUSSION

◼ With regard to overtime compensation and whether or not defendant is entitled to an exemption, the pertinent provision of the FLSA requires that:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed[.]

29 U.S.C. § 207(a)(1). However,

[t]he provisions of section 207 of this title shall not apply with respect to—

any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [Section 204 of the Motor Carrier Act].

29 U.S.C. § 213(b)(1). Therefore, the provisions of the FLSA, including overtime compensation, apply unless the Secretary of Transportation has power to establish qualifications and maximum hours for entities such as F–M Ambulance.

◼ The defendant argues that because the Secretary of Transportation has the power to establish maximum hours of service for its employees under the Motor Carrier Act, pursuant to 49 U.S.C. § 31502(b)(1), regardless of whether or not the Secretary exercises that power, it is exempt from coverage under the FLSA. This position is supported

by the reasoning of the Sixth Circuit in *Benson v. Universal Ambulance Service, Inc.,* 675 F.2d 783 (6th Cir.1982). The plaintiffs, on the other hand, contend that this court should find that the Secretary of Transportation lacks jurisdiction over paramedics, emergency medical technicians and related personnel based on the decision in *Lonnie W. Dennis,* 66 M.C.C. 66 (1954) ("M.C.C." denotes Motor Carrier Cases, Interstate Commerce Commission). Both the Ninth Circuit, in *Jones v. Giles,* 741 F.2d 245 (9th Cir.1984), and the Eleventh Circuit, in *Spires v. Ben Hill County,* 980 F.2d 683 (11th Cir.1993), have reached conclusions supporting the plaintiff's position.

The Motor Carrier Act provides in relevant part that:

The Secretary of Transportation may prescribe requirements for … qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier. . . .

49 U.S.C. § 31502(b)(1). The Department of Labor's jurisdiction under the FLSA and the Department of Transportation's jurisdiction under the Motor Carrier Act are mutually exclusive and there are no overlapping areas of jurisdiction. *See Morris v. McComb,* 332 U.S. 422, 437–38, 68 S.Ct. 131, 138, 92 L.Ed. 44 (1947). To avoid any conflict between these Acts, Congress determined that the Secretary of Transportation need not actually exercise the power to regulate under the Motor Carrier Act; an exemption under section 213(b)(1) is created so long as the Secretary has authority to regulate over a particular category of employees. *Id.* at 434, 68 S.Ct. at 137. The attempt to avoid any conflict has not minimized the confusion.

While the statutory language appears to encompass ambulance services under the Motor Carrier Act, the agency that administers the Act has determined that it does not have jurisdiction over ambulance services. The Interstate Commerce Commission concluded in *Lonnie W. Dennis,* 63 M.C.C. 66 (1954), that ambulance services were outside the jurisdiction of the Motor Carriers Act. *Id.* The Commission stated that:

[t]he term ambulance service implies emergency situations and a freedom of move-

ment in the event of a train wreck, cyclone, bombing, or other catastrophe. In such instances, it is vital to the public interest for ambulances to be sent over the most practicable routes to whatever destinations their services may be needed, irrespective of any limitation upon operating authority or lack thereof. Consequently, because of its emergency nature and the necessary flexible character, the regulation of such service under the certificate or permit requirements of the act would in reality be contrary to the public interest.

We, therefore, are of the opinion that the Interstate Commerce Act was not intended to confer jurisdiction upon this Commission to regulate the operation of carriers transporting corpses or operating an ambulance service in interstate or foreign commerce.

■ The reasoning of *Lonnie W. Dennis* has been adopted by the Department of Transportation in its assessment of the reach of the Motor Carriers Act. *See* 42 F.R. 60,080 (1975). The intent of the Department of Transportation to exclude ambulance services is further evidenced by an exception to the Federal Motor Carrier Safety Regulations, which provides that:

Unless otherwise specifically provided, the rules in this subchapter do not apply to—

(4) The transportation of human corpses or sick and injured persons; and

(5) The operation of fire trucks and rescue vehicles while involved in emergency and related operations.

49 C.F.R. 390.3(g)(4). In determining the scope and reach of a regulatory statute, considerable deference is given to the construction of the statutory scheme by the executive department authorized by law to administer it. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984); *Levinson v. Spector Motor Service,* 330 U.S. 649, 662, 67 S.Ct. 931, 938, 91 L.Ed. 1158 (1947).

In light of the Department of Transportation's long practical experience in this field and the fact that Congress has chosen not to disturb the Department's longstanding interpretation of the statute, the court agrees with the analysis and conclusion of *Lonnie W. Dennis* that Congress did not intend the jurisdiction of the Motor Carrier Act to extend to coverage of ambulance services. The court agrees with the Ninth and Eleventh Circuits and holds that ambulance services are not subject to the Department of Transportation's jurisdiction under the Motor Carrier Act. Therefore, because F–M Ambulance is not entitled to an exemption under 29 U.S.C. § 213(b)(1), it is subject to the provisions of the FLSA, including overtime compensation.

The court is mindful of the April 29, 1991 letter from the Secretary of Transportation, Samuel K. Skinner, to the Honorable Byron L. Dorgan, United States House of Representatives, in which he expresses the view that ambulance drivers fall within the FLSA exception. While the court gives considerable deference to agency determinations, the letter is not entitled to the force and effect of law as it cannot be equated with other interpretations by the Department of Transportation or its agencies. The letter may be relevant at some future time in determining possible liquidated damages under the FLSA.

## CONCLUSION

For the reasons noted above, plaintiffs' motion for partial summary judgment on the issue of defendant's alleged exemption under the Fair Labor Standards Act (doc. # 10), is **GRANTED,** and defendant's motion for partial summary judgment on plaintiff's claims for overtime compensation (doc. # 18), is **DENIED.** Defendant is not exempt from the Fair Labor Standards Act, and plaintiffs are entitled to proceed on their claims for overtime compensation.

The court is inclined to allow an immediate appeal of this order pursuant to 28 U.S.C. § 1292(b), which provides for this procedure if an order "involves a a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" However, the court will reserve

ruling on this pending further counsel from the parties.

**IT IS SO ORDERED.**