**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| KASEY F. HOFFMANN, *Plaintiff-Appellant*, | No. 18-15661 |
| v. | D.C. No. 1:18-cv-00209-AWI-SKO |
| L. PULIDO, Correctional Officer at CSATF-SP; C. SMITH, Correctional Lieutenant at CSATF-SP, *Defendants-Appellees*, | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *Appellee-Intervenor*. | OPINION |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted May 17, 2019
San Francisco, California

Filed July 8, 2019

Before: J. Clifford Wallace, Sandra S. Ikuta,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Prisoner Civil Rights

The panel vacated the district court's order dismissing a prisoner 42 U.S.C. § 1983 lawsuit for failure to pay the required filing fee, and remanded.

The district court determined that at least three of plaintiff's prior actions had been dismissed for failure to state a claim or because they were frivolous. Accordingly, the court reasoned that the Prison Litigation Act's three-strikes provision, 28 U.S.C. § 1915(g), barred plaintiff from bringing an action *in forma pauperis*.

The panel held that only two of the three identified prior dismissals qualified as strikes, and therefore, on the basis of the record, plaintiff was not disqualified from filing an action *in forma pauperis*.

The panel first rejected plaintiff's argument that pursuant to *Williams v. King*, 875 F.3d 500, 504–05 (9th Cir. 2017), the dismissal of one of the prior actions did not qualify as a strike because in that lawsuit only plaintiff had consented to proceed before the magistrate judge and therefore the magistrate judge lacked the authority to dismiss the complaint. The panel held that raising that challenge in this subsequent action amounted to a collateral attack on the judgment, and that the previous judgment did not fall into one of the narrowly circumscribed circumstances that would

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

permit that judgment to be declared void pursuant to Federal Rule of Civil Procedure 60(b)(4).

The panel next held that the dismissal of another of plaintiff's previous actions, in part for lack of standing, did not properly qualify as a strike. The panel held that even if certain claims in a prisoner's lawsuit are dismissed as frivolous or malicious, or for failure to state a claim, that dismissal will not qualify as a strike if there are other claims that are either not dismissed or are dismissed for different, non-enumerated reasons. The panel held that because a dismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction, the case as a whole was not dismissed on the grounds enumerated in § 1915(g). Accordingly, the panel concluded that the dismissal of that action did not qualify as a strike. The panel vacated the district court's order dismissing plaintiff's case, and remanded for proceedings consistent with its opinion.

---

## COUNSEL

Amir Ali (argued), Roderick & Solange, Washington, D.C., for Plaintiff-Appellant.

Misha D. Igra (argued), Supervising Deputy Attorney General; Monica N. Anderson, Senior Assistant Attorney General; Xavier Becerra, Attorney General; Office of the Attorney General, Sacramento, California; for Appellee-Intervenor.

---

## OPINION

CHRISTEN, Circuit Judge:

Kasey Hoffmann, a state prisoner, challenges the district court's order dismissing his § 1983 lawsuit claiming unlawful retaliation in violation of the First Amendment.[1]  Hoffmann's complaint was dismissed for failure to pay the required filing fee.  The district court determined that at least three of Hoffmann's prior actions had been dismissed for failure to state a claim or because they were frivolous.  Accordingly, the court reasoned that 28 U.S.C. § 1915(g) barred Hoffmann from bringing an action *in forma pauperis*.  Because we determine that one of Hoffmann's previous actions was not dismissed for a qualifying reason under § 1915(g), we vacate the district court's order dismissing this case and remand for proceedings consistent with this opinion.

I.

The Prison Litigation Reform Act (PLRA) instituted a "three-strikes" rule in an effort to disincentivize frivolous prisoner litigation.  28 U.S.C. § 1915.  Pursuant to the PLRA, once a prisoner has had three actions dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, that prisoner is no longer permitted to file an action *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

---

[1] Multiple spellings of the petitioner's last name appear throughout the record.  We use "Hoffmann" because that is the spelling he used in handwritten documents he prepared himself.

Hoffmann is currently a state prisoner incarcerated in California, where he has filed a number of actions challenging aspects of his confinement. The complaint in this case brings § 1983 claims against two prison guards for allegedly retaliating against Hoffmann after he complained about the prison's kosher menu. There are, however, no allegations that Hoffmann faces an imminent threat of serious physical injury. Hoffmann filed this action using the pro se "Civil Rights Complaint by a Prisoner" form, which instructed him to identify prior actions he had filed. On the form, Hoffmann disclosed that he had filed thirteen prior actions—the actual number was closer to twenty-one—and he specifically identified three of them. The district court referred the case to a magistrate judge who identified a different set of three prior actions filed by Hoffmann that had been dismissed:

(1) In *Hoffmann v. Jones*, No. 2:15-CV-01735-MCE-KJN (*Jones*), Hoffmann alleged that his free speech rights had been infringed because he was having trouble receiving letters and pictures from his family. *Jones* was dismissed as duplicative of another action.

(2) In *Hoffmann v. California Correctional Health Care Services*, No. 2:16-CV-01691-MCE-AC (*CCHCS*), Hoffmann raised privacy claims based on the potential exposure of his personal information. This action was dismissed on the basis of sovereign immunity, lack of standing, and the court's decision not to exercise supplemental jurisdiction over the related state-law claims Hoffmann included in the complaint.

(3) In *Hoffmann v. Growden*, No. 2:15-CV-01431-EFB (*Growden*), Hoffmann claimed that he was falsely imprisoned because he was not informed that he could post bail. After

Hoffmann consented to proceed before a magistrate judge, but before the government had granted its consent, *Growden* was dismissed for failure to state a cognizable claim.

On the basis of the three prior dismissals identified by the court, the magistrate judge issued an order asking Hoffmann to show cause why recommendation should not issue to the district court "to deny Plaintiff's *in forma pauperis* application and to dismiss this action without prejudice[.]" Hoffmann failed to respond within the allotted twenty-one days, and the district court dismissed the case for failure to pay the required filing fee. The court explained that because *Jones*, *CCHCS*, and *Growden* qualified as strikes under § 1915(g), Hoffmann was ineligible for *in forma pauperis* status. The district court specifically ruled that the *Growden* dismissal qualified as a strike, even though that case had been dismissed by a magistrate judge who had not received both parties' consent to proceed and the district court's order followed our decision in *Williams v. King*, 875 F.3d 500, 504–05 (9th Cir. 2017) (holding that magistrate judges require consent from all parties before they have authority to issue dispositive rulings).

A few days after the dismissal of this case, the district court received Hoffmann's response to the show cause order. The response appeared to have been held up in the prison's mail system, but it was timely submitted so the district court considered it. Hoffmann contended that dismissals without prejudice should not count as strikes under the PLRA; that the "strike counter" resets if a prisoner is released and then reincarcerated; and that the merit of some of his prior actions should outweigh his strikes. The district court rejected all of Hoffmann's arguments and declined to vacate its order dismissing Hoffmann's complaint.

Hoffmann filed this timely appeal. We review de novo the district court's application and interpretation of the PLRA's three strikes requirement. *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).

## II.

The State contends that Hoffmann forfeited the arguments raised in this appeal because they were not raised in his pro se response to the district court order to show cause. Our review of new arguments is discretionary, *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *see also United States v. Northrop Corp.*, 59 F.3d 953, 957 n.2 (9th Cir. 1995), but this is an appropriate circumstance for exercising our discretion to review new arguments because, as a pro se prisoner, Hoffmann was poorly situated to make relatively complex arguments related to collateral attack and res judicata. Further, his new arguments raise only legal questions that do not involve or require any additional fact-finding. *Northrop Corp.*, 59 F.3d at 957 n.2 ("We can exercise that discretion to consider a purely legal question when the record relevant to the matter is fully developed."). We also note that the district court preemptively ruled on Hoffmann's argument that the magistrate judge lacked the authority to dismiss *Growden*. Therefore, by reaching that argument, we do not risk ruling on issues that the district court did not have a chance to address. *See Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 379 (1995) ("[W]e would ordinarily feel free to address [the party's new claim], since it was addressed by the court below.").

III.

Hoffmann first argues that the dismissal of *Growden* does not qualify as a prior strike.**[2]**  Specifically, he invokes our recent decision in *Williams* to argue that the magistrate judge lacked the authority to dismiss the *Growden* complaint, so the dismissal order is effectively void and does not constitute a strike under the PLRA.  We disagree.  For the reasons explained below, we conclude that Hoffmann cannot escape the consequences of the prior judgment in *Growden* through an untimely collateral attack.

After *Williams*, there is no dispute that a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge. *Williams*, 875 F.3d at 504–05.  It is also undisputed that only Hoffmann had consented to proceed in *Growden* when the magistrate judge dismissed Hoffmann's complaint.  Nevertheless, raising that challenge in this subsequent action amounts to a collateral attack on the *Growden* judgment, and the Supreme Court has long recognized that collateral attacks are disfavored. *See*, *e.g.*, *Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940).  Collateral attacks run afoul of the court's strong interests in the finality of judgments. *See Henderson v. Kibbe*, 431 U.S. 145, 154 n.13 (1977).  "Even objections to subject-matter jurisdiction"— like the challenge here—"must be raised while the lawsuit is still pending; they may not be raised for the first time by way of collateral challenge in a subsequent action." *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002); *see*

---

**[2]** Hoffmann does not challenge the district court's determination that the dismissal in *Jones* counts as a strike under the PLRA.

*also Snell v. Cleveland, Inc*., 316 F.3d 822, 827 (9th Cir. 2002) (per curiam).

We recognize that Federal Rule of Civil Procedure 60(b)(4) expressly allows for final judgments to be declared void in some circumstances, including certain limited situations in which the court lacked subject-matter jurisdiction to enter the judgment in the first place. *See Yanow v. Weyerhaeuser S.S. Co*., 274 F.2d 274, 278 n.7 (9th Cir. 1958). But the scope of what constitutes a void judgment is narrowly circumscribed, and judgments are deemed void only where the assertion of jurisdiction is truly unsupported. *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("[A] judgment is void because of a jurisdictional defect [only in the] exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.").

The principle that a void judgment must lack even a colorable basis ultimately stems from the court's "jurisdiction to determine jurisdiction." *Jones*, 741 F.2d at 248. Because federal courts are tribunals of limited jurisdiction, they have both the inherent authority and the responsibility to consider their own jurisdiction. *In re Martinez*, 721 F.2d 262, 264 (9th Cir. 1983). If any jurisdictional foible could be the basis of a voidness challenge, litigants would have unending opportunities to second-guess a court's legal determination as to its jurisdiction outside of the typical appellate review process, and the court's interest in finality would be undermined. *Jones*, 741 F.2d at 248 ("In the interests of finality, the concept of void judgments is narrowly construed[.]").

Applying these principles, we conclude that the judgment in *Growden* does not fall into the narrowly circumscribed set of void judgments described in *Jones* and *United Student Aid Funds, Inc.* Prior to *Williams*, magistrate judges routinely dismissed actions without receiving consent from the government,[3] so there was plainly an "arguable basis" for the court's assertion of jurisdiction in *Growden*. *See United Student Aid Funds, Inc.*, 559 U.S. at 271. At worst, the magistrate judge in *Growden* made an error regarding the contours of a magistrate judge's authority pursuant to 28 U.S.C. § 636. Such an error is "not . . . equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." *Jones*, 741 F.2d at 248.

IV.

We next consider whether the dismissal in Hoffmann's *CCHCS* action properly qualifies as a PLRA strike. We conclude that it does not.

To qualify as a strike under § 1915(g), a prisoner's prior case must have been dismissed because it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted[.]" Our court expressly adopted the District of Columbia Circuit's reasoning in *Thompson v. DEA*, 492 F.3d 428, 437 (D.C. Cir. 2007), and held that dismissals for lack of

---

[3] *See*, *e.g.*, *Lester v. J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1085 n.2 (N.D. Cal. 2013); *Ornelas v. De Frantz*, No. 00-CV-1067-JCS-PR, 2000 WL 973684, at *2 n.2 (N.D. Cal. 2000); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1118 n.3, 1123 (9th Cir. 2012) (affirming magistrate judge's dismissal of action against unserved, and therefore unconsenting, defendant).

jurisdiction do not fall within the scope of the PLRA's enumerated grounds:

> The text of § 1915(g) provides that a previous case qualifies as a "strike" if it "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." "Surely, there is nothing necessarily frivolous or malicious in bringing an action for which the court lacks jurisdiction."
>
> . . .
>
> Like the District of Columbia Circuit, we conclude that Congress intended for the three-strikes rule to count 12(b)(6) dismissals but not 12(b)(1) dismissals.

*Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893–94 (9th Cir. 2011) (quoting *Thompson*, 492 F.3d at 437).

Prior binding precedent also establishes that to qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason. *See Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th Cir. 2007); *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) ("When we are presented with multiple claims within a single action, we assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." (internal quotation marks omitted)). In other words, even if certain claims in a prisoner's lawsuit are dismissed as frivolous or malicious, or for failing to state a claim, that dismissal will not qualify as

a PLRA strike if there are other claims that are either not dismissed or are dismissed for different, non-enumerated reasons.

In *CCHCS*, Hoffmann alleged that his privacy rights were violated because an unencrypted, password-protected laptop was stolen and it may have contained sensitive information about certain inmates. *Hoffman v. Cal. Corr. Health Care Services, et al.*, 2017 WL 132057, at *2 (E.D. Cal. 2017). The federal claims against the state agency defendant were dismissed on sovereign immunity grounds, but the federal claims against the remaining defendants were dismissed because Hoffmann's claims were too speculative to support Article III standing. *Id*. at *2–3. The court declined to exercise supplemental jurisdiction over the state-law claims. *Id*. at *3.

Federal courts lack subject-matter jurisdiction over claims asserted by litigants who lack standing. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." (internal quotation marks omitted)). Because Hoffmann's claims in *CCHCS* were dismissed, at least in part, for lack of standing, and because a dismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction, the case as a whole was not dismissed on the grounds enumerated in § 1915(g). Accordingly, we conclude that the dismissal of the *CCHCS* action does not qualify as a PLRA strike.

Only two of the prior dismissals identified by the magistrate judge qualify as strikes, so on the basis of the record before us, Hoffmann is not disqualified from filing an

action *in forma pauperis*. 28 U.S.C. § 1915(g). We therefore vacate the district court's order dismissing Hoffmann's case, and remand for proceedings consistent with this opinion.[4]

**VACATED AND REMANDED**.

---

[4] Hoffmann does not contest the magistrate judge's ruling that the *Jones* dismissal qualifies as a strike, and the district court has not determined whether any of Hoffmann's other prior dismissals qualify. We leave that determination to the district court to reach in the first instance. We **DENY** as moot the government's motion for judicial notice. *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 n.4 (9th Cir. 2008).