
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW ALAN LAWRIE, | No. 19-15747 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-01456-DAD-BAM |
| v. | |
| CSP CORCORAN, Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

California state prisoner Matthew Alan Lawrie appeals pro se from the

district court's order denying him leave to proceed in forma pauperis ("IFP") in

his 42 U.S.C. § 1983 alleging due process and equal protection claims.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). We affirm.

The district court properly denied Lawrie's motion to proceed IFP because Lawrie had filed at least three prior actions in federal court that were dismissed for being frivolous or malicious, or for failing to state a claim, and because Lawrie failed to allege plausibly that he was "under imminent danger of serious physical injury" at the time that he lodged the complaint. *See* 28 U.S.C. § 1915(g); *Hoffman v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal order by a magistrate judge that did not have consent of the unserved party, but is otherwise final, is not subject to collateral attack and therefore remains a strike under the PLRA); *Andrews*, 493 F.3d at 1055 (discussing the "imminent danger exception" under § 1915(g)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Lawrie's motion for "declaration of default and consolidation" (Docket Entry No. 16) is denied.

**AFFIRMED.**