**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUILLERMO CRUZ TRUJILLO, AKA
Guillermo Trujillo Cruz,

        Plaintiff-Appellant,

  v.

D. STEBBINS; et al.,

        Defendants-Appellees.

No. 18-16631

D.C. No. 1:17-cv-00789-AWI-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

California state prisoner Guillermo Cruz Trujillo appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay

the filing fee after revoking Trujillo's permission to proceed in forma pauperis

("IFP"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

district court's interpretation and application of 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). We may affirm on any ground supported by the record. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). We affirm.

The district court properly revoked Trujillo's IFP status because at the time Trujillo filed the complaint, he had filed at least three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim, and Trujillo failed to allege plausibly that he was "under imminent danger of serious physical injury" at the time that he lodged the complaint. *See* 28 U.S.C. § 1915(g); *Hoffman v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal order by a magistrate judge that did not have consent of the unserved party, but is otherwise final, is not subject to collateral attack and therefore remains a strike under the Prison Litigation Reform Act); *Andrews*, 493 F.3d at 1055 (discussing the "imminent danger exception" under § 1915(g)).

**AFFIRMED.**

18-16631